[Crim. No. 1718. Second Appellate District, Division Two.—January 8, 1929.]

THE PEOPLE, Respondent, v. ORA NYE, Appellant.

Ralph W. Eckhardt for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, J.—Certain real property in the county of Los Angeles, which admittedly belonged to one Anna B. Dorn, was deeded by her to Jean Harvey, who thereafter borrowed $4,000, giving a promissory note secured by deed of trust upon one of the parcels thereof. It appearing that Jean Harvey and the defendant were one and the same person, she was charged by information consisting of two counts

with having committed grand theft, in that on or about March 16, 1928, the defendant unlawfully took away two deeds of the total value of $14,000, personal property of Anna B. Dorn, and that on or about the same date she unlawfully took $4,000 dollars of the personal property of the Title Guaranty and Trust Company and Mary White. Appellant was convicted upon both counts and, a motion for new trial having been denied, she appealed from the judgment and from the ruling upon said motion.

The People having confessed error as to the first count, we shall first consider the second count of the information. It appears that Mrs. Dorn had agreed to lease certain real property to appellant, who presented herself under the name of Jean Harvey, and introduced to the owner a young man who gave the name of J. Harvey, as her son; that Jean Harvey and the purported son prepared and obtained Mrs. Dorn's signature upon two deeds which they stated to her were an original and copy of the proposed lease. Said deeds were recorded, and at appellant's solicitation a broker obtained for her a loan from Mary White of $4,000, which was placed in escrow with the Title Guaranty and Trust Company with a promissory note and deed of trust signed "Jean Harvey" and "J. Harvey." The trust company's check for $4,000, less the expenses of the escrow and other charges, was delivered to appellant, payable to Jean Harvey, and appellant indorsed it and signed a receipt therefor, in the same name. The check passed through the usual channels of exchange, and was paid. Following the filing of criminal charges appellant appeared and furnished bail, but when the trial was called she was not present, and a continuance then being granted, her bail was forfeited, and a bench warrant issued for her arrest. She was thereafter located in the state of Michigan and returned to Los Angeles by officers.

After a plea of "not guilty" was entered, the defendant, upon motion for permission to change it to "not guilty by reason of insanity," presented the affidavit of her attorney, wherein it was averred that she had been considered by relatives to be insane, and that a reputable physician expressed his opinion that upon the facts, subject to verification by personal observation and examination, reasonable grounds were presented for believing Ora Nye probably

insane. The trial court heard the motion and affidavit, but denied the motion upon the ground that there was "no showing of any insanity in the affidavit." Appellant's first asserted ground for reversal is that this latter ruling was erroneous.

Section 1016 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1148), provides that the court may for good cause shown allow a change of plea in such a case. The affidavit was composed entirely of hearsay, and no physician testified as to the defendant's sanity or furnished affidavit in that respect. "Good cause" is not defined by the statute, but it has been held that the court may in its sound legal discretion determine whether or not good cause is shown by the evidence before it. (*Ex parte Bull,* 42 Cal. 196; *Christensen* v. *Anderson,* 24 Tex. Civ. App. 345 [58 S. W. 692]; *People* v. *Sessions,* 10 Abb. N. C. 192 [62 How. Pr. (N. Y.) 415].) In at least one instance it was said to be exclusively within the discretion of the trial court. (*Kendall* v. *Briley,* 86 N. C. 56.) Since all persons are presumed to be sane until the contrary is proved (*People* v. *Williams,* 184 Cal. 590 [194 Pac. 1019]; *People* v. *Loomis,* 170 Cal. 347 [149 Pac. 581]), we think it would constitute grave injustice to hold the hearsay statement of one person sufficient *prima facie* evidence of insanity, without proof to the contrary.

█ It is contended by appellant that the judgment is not supported by the evidence. From the evidence heretofore recited, and many other facts and circumstances adduced by the People, much of which is uncontradicted by the defendant, who did not testify, it appears that she falsely claimed title to real property upon which she and a confederate placed a lien as security for the repayment of $4,000. Jean Harvey, or J. Harvey, identified as Ora Nye by the People, appears by oral and documentary evidence to have obtained from Mary White said sum of money by placing in escrow with the title company a promissory note and deed of trust constituting a lien upon the property of Anna B. Dorn, who was eighty-two years of age. It further appears from the testimony of a deputy district attorney that the defendant before her commitment freely and voluntarily made a statement to him in the presence of witnesses, who also testified as follows:

"She stated that she and her son had gone out to Mrs. Dorn, that the lady she had spoken of as Mrs. Dorn was really the old lady Mrs. Dorn, that they had talked to her about leasing this property for six months; that they had written two deeds, one for the property at 240 North Burlington and one for the property at the beach,—I think it was Hermosa Beach. That they had taken these two . . . deeds to Mrs. Dorn, representing to her that one of them was an original lease and one was a copy of the lease; that Mrs. Dorn had signed both of the deeds and that they had later placed an incumbrance on the Burlington street property, receiving $5000; and then I showed her a lease that had a torn piece where the signature was on the righthand side of the lower portion. . . . I asked her who wrote this signature where the torn place is, and she said her son had written the name of Mrs. Dorn there. I asked her if this wasn't delivered back to her so that Mrs. Dorn would have no suspicion about being deeds on the place, and she said that was the reason."

We think that the evidence amply supports the verdict and judgment upon the second count of the information.

In the first count of said information it was charged that the defendant committed the crime of grand theft by unlawfully taking away from Anna B. Dorn a certain grant deed covering real property in the city of Los Angeles of the value of $12,000, and a certain grant deed covering real property in the city of Hermosa Beach of the value of $2,000. Upon the record before us it is at once obvious that the deeds were obtained by fraud, and hence that there was no "delivery," and title did not pass. In such event the deeds were worthless, and could not be made the basis of a charge of grand theft. (*People v. Sewall*, 90 Cal. App. 476 [265 Pac. 1040].) The verdict and judgment upon the first count are therefore without foundation, and the judgment and order denying motion for new trial must to that extent be reversed.

It is argued that two instructions were given which were isolated and "without any attempt to connect them with the crimes charged," and that this was reversible error. They read as follows:

"The court instructs the jury that deception, deliberately practiced for the purpose of gaining an unfair advantage

of another is fraud. Goods obtained by such practices are obtained by fraud. One deprived of his property by such means is defrauded.''

''The court instructs the jury that a false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value; and such pretense need not be such as cannot be guarded against by common prudence. And such pretense need not be in words, but may be gathered from acts and conduct of the party.''

Appellant insists that there was no evidence warranting the giving of the instruction first quoted, and that the error was intensified by the giving of the latter. We do not construe the instructions referred to by appellant as being isolated or unwarranted. The trial court instructed at appellant's request, as follows:

''The court instructs you that the people are required to show beyond a reasonable doubt, in order to convict the defendant under count two of the information, that the defendant procured such alleged loan of $4000 upon representations which she knew to be false; and if the evidence fails to show beyond a reasonable doubt that the security which she tendered and which was accepted for said loan was fictitious and valueless, and unless the evidence further shows beyond a reasonable doubt that the defendant knew that such security was fictitious and valueless, and unless the evidence further shows beyond a reasonable doubt that the defendant represented such security as being true and genuine, your verdict must be not guilty under count II.''

The jury having found from the evidence that the defendant fraudulently, by deliberate deception and fraud, obtained money as alleged in the information, upon security which she knew to be fictitious and valueless, representing it to be true and genuine, we are cited to no authority requiring a reversal upon a record such as that here presented.

■ Finally, it is appellant's contention that counts I and II of the information are repugnant, and that both verdicts are void because verdicts upon counts I and II would be repugnant. The first count charged a theft of the deeds from Mrs. Dorn, and the second count charged theft.

192

of the $4,000 from the trust company and Mary White. It is argued that the deeds being void because the apparent grantor did not intend to part with the title, appellant received nothing, and hence could not be guilty of theft of more than worthless paper. The fact that the deeds were worthless, and were known to the defendant to be of no value, was amply supported by the evidence, and was so found by the jury. Such fact in itself, as we have observed, does not constitute legal grounds for prosecution in such a case. This being true, there is no conflict or repugnancy between two valid counts, but there is for that reason strong legal and evidentiary foundation for a conviction upon the charge of theft of the money, as charged in the second count.

The judgment and order appealed from are reversed as to the first count and affirmed as to the second count of the information.

Works, P. J., and Thompson (Ira F.), J., concurred.