[Crim. No. 3630. In Bank.—June 28, 1933.]

THE PEOPLE, Respondent v. DALLAS EGAN, Appellant.

William I. O'Shaughnessy for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The appellant Dallas Egan was charged with the crime of murder. The information also charged four prior convictions, two of which were suffered in other jurisdictions and two in the state of California. Defendant entered a plea of not guilty, and denied the prior convictions. Prior to the date set for his trial, he asked to be permitted to change his pleas to (a) not guilty, (b) not guilty by reason of insanity and (c) admit the four prior convictions. His motion to enter a plea of not guilty by reason of insanity was denied, but, on being re-arraigned—and the record indicates being fully advised as to his rights—he admitted the four prior convictions.

The trial of appellant and two co-defendants was begun. After it had been in progress for several days, the appellant asked permission to withdraw his plea of not guilty, and to enter a plea of guilty. The court thereupon personally questioned appellant, advising him fully as to his rights, and also questioned his counsel. Being satisfied that the appellant and his counsel fully appreciated the situation, the court ordered the appellant to be re-arraigned, and there was entered a plea of guilty. On stipulation that the evidence already taken at the trial could be considered by the court in fixing the degree of the crime, and after hearing further facts and evidence then submitted to it, the court found the offense to be murder of the first degree. Before pronouncement of judgment and sentence, appellant made an oral motion for a hearing as to his present sanity, and a motion for a continuance in order to present testimony as to his then sanity. These motions were denied, and the death sentence was pronounced.

On this appeal two questions are presented: (1) Did the trial court abuse its discretion in denying appellant's motion to be allowed to change his plea of not guilty by the addition of the plea not guilty by reason of insanity? (2) Did the trial court abuse its discretion in denying appellant's motion, made after conviction and before sentence, for a hearing as to his present sanity?

The record shows that appellant and several accomplices, two of whom were subsequently shot to death while engaged with appellant in a bank robbery, were robbing a jewelry store in Los Angeles. While they were so engaged, W. J. Kirkpatrick, an elderly passer-by, and unarmed, entered the store to compare his watch with the master clock. Appellant Egan ordered him to the rear of the store, where the proprietor and clerk had been driven, and when he refused to comply fired a bullet into his brain, killing him instantly. Appellant admitted, in answers to questions by the trial court, that by reason of his incarceration in Folsom prison for a number of years, a considerable portion of the time being in solitary confinement, he had "just come out embittered against society . . . and came out with the intention that society owed [him], a duty and [he] was going to collect that duty. [He] didn't come out to kill, but made up [his] mind if necessary [he] would kill for any cause". He further told the court that he "got together this group to go down there and rob" the jewelry store; that he carried a gun with him "for the simple reason to rob", and that if there had been any protest on the part of the people he intended to rob, he would have been prepared to kill them. When asked further if that was the reason why he shot the decedent, he replied: "That's the reason why. I gave the man full warning." When asked why he did not shoot the proprietor of the jewelry store who had commandeered an automobile to follow the robbers, he replied: "I had an army Springfield [rifle] . . . I figured if he had tailed us four more blocks I would have shot him." Subsequent to the murder of Kirkpatrick, the appellant and others committed the bank robbery in which two of their number were shot to death. One of the bank tellers was shot. When questioned in the present case, appellant admitted doing the shooting.

Section 1016 of the Penal Code provides that the court "may", for good cause shown, allow a change of plea at any time before the commencement of the trial. We cannot, however, accept appellant's view that the trial court abused its discretion in refusing to grant him permission to enter a plea of not guilty by reason of insanity, or in subsequently denying his request that his present sanity be inquired into. No good cause for such action was shown. His motion to

be permitted to change his plea was based upon his own affidavit, the substance of which was that he did not enter the additional plea of not guilty by reason of insanity when first arraigned because, at that time, he was unable to prove certain facts, to wit, that at the time of his birth one of his parents was deranged; that a number of his family have been adjudged mentally incompetent; that as a child he was sickly and feeble-minded; that as a schoolboy he was struck on the head and seriously hurt, as a result of which action his brain was injured; that his mentality was further impaired by a shooting affray in 1914, in which he was wounded; and that all of his life he had been irrational and irresponsible; that he expected to establish these facts by testimony of a sister, two brothers, and an uncle, all of whom resided in other states, and, having communicated with affiant, had promised they would testify to the foregoing facts.

Admitting that the witnesses named by the appellant would testify as indicated, and everything set out in the affidavit to be true, no showing is thereby made that appellant was insane, as that term is used and understood at law, at the time of the commission of the offense. There is nothing in the affidavit to indicate that when the act was committed appellant was so deranged and diseased mentally that he was not conscious of the wrongful nature of the crime committed. (See *People* v. *Troche,* 206 Cal. 35, 46 [273 Pac. 767].) Furthermore, the trial court had the appellant before him at the time of making the motion for permission to change his plea, and also at the time the appellant made the oral motion in court for a hearing as to his present sanity. There is no room for the claim that the trial court, in either of these matters, abused its discretion or acted arbitrarily in the slightest degree. We have before us the entire record of the proceedings had in the trial court, including the testimony given by the appellant. There is not the slightest doubt that the appellant killed the decedent Kirkpatrick in a cold-blooded and merciless manner in pursuance of the determination he had formed in his own mind before engaging in the robbery. Aside from his own admissions, he was positively identified by the proprietor of the jewelry store, by his assistant and by others. When the appellant withdrew his plea of not guilty, and changed

it to one of guilty, the trial court carefully, even painstakingly, took him on examination and questioned him minutely as to his part in the commission of the crime, resulting in the testimony the substance of which we have given. No trace of insanity or unsoundness of mind of the appellant was found by the trial court, and none can be gleaned from the record. He stands out as a boastful, arrogant, merciless, determined criminal.

The orders appealed from and the judgment of conviction are, and each is, affirmed.

Seawell, J., Shenk, J., Thompson, J., Curtis, J., Preston, J., and Langdon, J., concurred.