[Crim. No. 315. Fourth Appellate District.—October 29, 1935.]

THE PEOPLE, Respondent, v. FRANK MORGAN, Appellant.

Raymond E. Hodge for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment and from an order denying defendant's motion for permission to enter a plea of not guilty by reason of insanity. The sole question

to be determined here is whether the trial court erred in denying the motion.

By a complaint filed in the justice's court of Redlands Township in San Bernardino County, dated May 22, 1935, defendant was charged with violation of the provisions of section 288 of the Penal Code on the person of Belinda Bartlett, a girl under the age of fourteen years. He was brought into that court on June 4, 1935, and entered a plea of guilty. He was accompanied by two counsel of his own selection. The case was certified to the superior court where he appeared with his counsel on the same day, waived time, and was arraigned for sentence. He applied for probation and the matter was continued to June 17, and again continued until June 24, 1935. On that day the report of the probation officer was presented to the trial judge, but the case was continued for one week on request of defendant to permit him to obtain new counsel. On July 1st defendant was again in court with the counsel who had formerly represented him and counsel who now represents him on this appeal. The former were discharged and the latter became his sole counsel.

Defendant moved for an order permitting him to enter a plea of not guilty by reason of insanity which motion the trial court denied and proceeded to sentence him to confinement in the penitentiary. There was no motion to permit defendant to withdraw his plea of guilty or to change it to a plea of not guilty.

The proceedings were had under the constitutional amendment adopted by the people at the election held on November 6, 1934. (Sec. 8, art. I, Const.) This section provides that after the plea of guilty is entered in the justice's court the magistrate shall immediately commit the defendant to the sheriff and certify the case, including all proceedings before him, to the superior court, "and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court". Section 1016 of the Penal Code provides in part as follows: "There are five kinds of pleas to an indictment or information; 1. Guilty. 2. Not guilty. . . . 5. Not guilty by reason of insanity. A defendant who does not plead guilty may enter one or more of the other pleas. A defendant who does not plead not guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged, provided that the court may

for good cause shown allow a change of plea at any time before the commencement of the trial. A defendant who pleads not guilty by reason of insanity without also pleading not guilty, thereby admits the commission of the offense charged.''

It should be observed that there is a strong intimation in the foregoing section that a defendant who pleads guilty may not also plead not guilty by reason of insanity. It might be urged that the reason for this is that the pleas of guilty, and not guilty by reason of insanity, are so inconsistent that they should not be entered to the same charge by a defendant. A plea of guilty admits, not only the commission of the offense charged, but the sanity of the defendant at the time he committed it, for a person legally insane cannot be guilty of the commission of a crime while such legal insanity exists. The plea of not guilty by reason of insanity, without other plea, admits the commission of the charged offense, but the defendant making it seeks to avoid the consequence of his act by alleging that he was legally insane and legally incompetent to commit a crime and therefore not guilty. It is a plea of confession and avoidance. However, for the purpose of this case the question is unimportant. We will assume, without holding, that a defendant may enter both pleas if he does so at the proper time.

It seems to be settled that a defendant desiring to change his plea must show good cause therefor and that the question of granting the application is a matter within the sound discretion of the trial judge whose decision will not be disturbed on appeal except for an abuse of that discretion. (*People* v. *Northcott,* 209 Cal. 639 [289 Pac. 634, 70 A. L. R. 806] ; *People* v. *Egan,* 218 Cal. 408 [23 Pac. (2d) 755] ; *People* v. *Nye,* 96 Cal. App. 186 [273 Pac. 837] ; *People* v. *Nolan,* 126 Cal. App. 623 [14 Pac. (2d) 880].)

The burden of showing good cause for the change of plea rests upon the defendant. He should be required to produce evidence which would show the trial judge that there were reasonable grounds to believe that at the time of the commission of the crime he was legally insane and that he was so mentally diseased that he could not distinguish between the right and the wrong of his act or that he was not conscious of its wrongful nature. (*People* v. *Egan, supra; People* v. *Gilberg,* 197 Cal. 306 [240 Pac. 1000].)

In support of the motion defendant produced the affidavit of his son. The pertinent facts of this affidavit may be summarized as follows: That about October 8, 1928, defendant was struck by an automobile and rendered unconscious for about four hours; that affiant was informed defendant suffered concussion of the brain; that subsequently thereto affiant noticed a deterioration in the mental capacity of defendant and thought he was gradually losing his mind; that affiant first saw defendant after his arrest on June 5, 1935, and talked with him on that day; that affiant "noticed that his father did not seem to be perturbed or to realize at all the seriousness of the offense which he had been charged with; affiant noticed further that his father's mental condition was worse than when he had last seen him, and he was convinced, because of the nature of the charge and the nature of the acts filed against defendant, that the defendant was insane"; that affiant talked to his brothers and others and that all of them "told him that they had noticed for some time a marked decline in the mental faculties of said defendant"; that one friend told him "that it was his opinion that the defendant was mentally unbalanced"; that affiant took defendant to Dr. Walter Pritchard for examination, who reported that defendant was mentally unbalanced and showed marked signs of senile dementia; that affiant caused a second examination to be made on June 20, 1935, by Dr. Charles Lewis Allen, an eminent and experienced psychiatrist of Los Angeles, who reported that "I have formed the conclusion that Mr. Morgan is suffering from a senile dementia which is already sufficiently advanced to seriously impair his judgment, responsibility and ethical sense and his ability to realize the nature and probable consequence of his acts"; that affiant alleges "that the defendant . . . is at this time insane and suffering from senile dementia and that he was insane at the time he is charged with performing the acts alleged in the complaint".

The trial judge had before him copies of the reports of Doctors Pritchard and Allen. These were made a part of the report of the probation officer. It appears that defendant was seventy years of age. The record contains a certificate by the trial judge that the report had been read and considered by him.

The report of Dr. Pritchard is extensive and shows that his examination and observation of defendant commenced on June 7th and ended on June 15, 1935. He states in his report: "The patient seems quite intelligent and cooperates well. He is a mentally alert, erect, elderly white male looking somewhat younger than his age." The doctor further states "there has occurred a gradual but noticeable change in character" of defendant and "the patient's conduct and behavior have shown definite evidence of impairment of critique and self discipline".

The findings of Dr. Allen on the mental condition of defendant have already been quoted in the summary of the contents of the affidavit of the son of defendant.

The extensive reports of Dr. Pritchard and the probation officer disclose many facts that could have been obtained only from defendant. These facts bear out the opinion expressed by Dr. Pritchard, that he had an alert mind and was possessed of a fairly good memory.

There is a distinction between what we may term medical insanity and the legal insanity that will relieve a defendant from the consequences of his criminal acts. A defendant may have insane delusions or hallucinations and still if, at the time of the commission of a crime, he was conscious of the wrongful nature of the act and had sufficient reasoning capacity to distinguish between the right and the wrong of the act he cannot escape its legal consequences. There is nothing in the evidence to force the conclusion that defendant was so deranged and mentally diseased that he was not conscious of the wrongful nature of his act or that he could not distinguish between the right and the wrong of that act. The evidence only shows that he had suffered considerable mental deterioration at that time. For that reason we cannot conclude that the trial court abused its discretion in refusing to permit defendant to change his plea by adding to his plea of guilty the plea of not guilty by reason of insanity.

The order denying the motion was made before judgment and may be reviewed on an appeal therefrom. It is not an appealable order. (Sec. 1237, Pen. Code.) The attempted appeal from that order is dismissed.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.