[Crim. No. 3826.   Second Dist., Div. Three.   Nov. 17, 1944.]

THE PEOPLE, Respondent, v. D. WENDELL PHILLIPS, Appellant.

Maurice A. Gleason for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

FOX, J. pro tem.—In an amended information defendant was charged with grand theft in count I and with issuing a check without sufficient funds, a felony, in count II.   On February 14, 1944, he entered a plea of guilty to the second count, and requested leave to file an application for probation.   This request was granted.   On April 20, 1944, at a continued hearing on the application for probation, a motion was made by counsel for defendant for permission to interpose the additional plea of "not guilty by reason of insanity."   This motion was supported by two affidavits.   The court, under the provisions of section 1871, Code of Civil Procedure, ordered Dr. Marcus Crahan to make an examination as to defendant's mental condition and to report thereon to the court.   On April 27, 1944, defendant's motion to interpose the plea of "not guilty by reason of insanity" was denied.   Defendant's application for probation was then denied and he was sentenced to the state prison for the term prescribed by law, and count I was dismissed.

Defendant has attempted to appeal from "the order denying his motion to enter a plea of not guilty by reason of

insanity.'' He has not appealed from the judgment. He contends that the trial court abused its discretion in denying his motion.

At the outset the People make the point that there is no appeal from the order in question since it was made *prior* to judgment and that the purported appeal must therefore be dismissed. This contention is correct.

The court's order denying defendant's motion would have been reviewable on an appeal from the judgment (*People* v. *Morgan* (1935), 9 Cal.App.2d 612, 617 [50 P.2d 1061]), but no such appeal has been taken. Since the order from which defendant has attempted to appeal was made *before* judgment, his appeal must be dismissed because under the Penal Code (§ 1237) such an order is not appealable. (*People* v. *Brickert* (1935), 3 Cal.App.2d 474 [39 P.2d 450]; *People* v. *Morgan, supra; People* v. *Price* (1942), 51 Cal.App.2d 716 [125 P.2d 529].)

The failure, however, of the defendant to appeal from the judgment, and thus be in a position to have the court's order denying his motion reviewed, does not appear to have prejudiced his rights because our examination of the record fails to disclose any abuse of discretion on the part of the trial court in denying said motion.

The purported appeal from the order denying defendant's motion to enter a plea of ''not guilty by reason of insanity'' is dismissed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.