[Crim. No. 9263. First Dist., Div. One. Jan. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE WILLIAM DOOLITTLE, Defendant and Appellant.

## COUNSEL

Robert P. Charrow, under appointment by the Court of Appeal, and Charrow & Reisman for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—Defendant, who was charged with murder (violation of Pen. Code, § 187) was found guilty of voluntary manslaughter, a lesser included offense, upon a second jury trial, a mistrial having been declared in the first trial when the jury advised the court that a verdict could not be reached. ■■■ He appeals from the judgment of conviction and sentence,[1] and urges essentially that on the second trial he was placed in double jeopardy because in the first trial he had been impliedly acquitted of murder and therefore could not be tried for that crime but only for manslaughter. Since defendant was only convicted of manslaughter, we are also confronted with the question whether the implied acquittal issue has been rendered moot.

At the conclusion of the first trial the court presented the jury with five possible verdicts, one of which they were instructed to date and sign. These verdicts were: "not guilty as charged"; "guilty of voluntary manslaughter, a lesser included offense"; "guilty of second degree murder, a lesser included offense"; "guilty as charged, to wit: guilty of murder, to wit, violation of Section 187 of the Penal Code of the State of California"; and

---

[1] A notice of appeal was filed on July 20, 1970. Judgment was pronounced on August 13, 1970. The notice was, therefore, prematurely filed. We may, however, treat it as filed immediately after judgment and we do so. (Cal. Rules of Court, rule 31(a); *People* v. *Richards,* 269 Cal.App.2d 768, 769, fn. 1 [75 Cal.Rptr. 597].)

Defendant also appeals from "Order and Orders made after Judgment, effecting [*sic*] his substantial rights." The record does not disclose that any orders were made after judgment excepting an order denying a motion for bail pending appeal. No error is claimed in the briefs with respect to the bail motion or with respect to any orders made after judgment. A reviewing court, moreover, is not required to consider questions that are not assigned as prejudicial error or presented in the briefs of counsel. (*People* v. *Scott,* 24 Cal.2d 774, 783 [151 P.2d 517].) We note from defendant's opening brief that the order from which he purports to appeal is the order denying his motion for leave to change his plea by adding the plea of a former judgment of acquittal of the offense charged and the plea of once in jeopardy. This is an order made *before* judgment and is not an appealable order. (Pen. Code, § 1237; *People* v. *Morgan,* 9 Cal.App.2d 612, 617 [50 P.2d 1061].) It may, however, be reviewed on an appeal from the judgment. (*People* v. *Morgan, supra.*)

"guilty of involuntary manslaughter, a lesser included offense." After approximately 11 hours of deliberation the jury declared that it could not reach a verdict, and following a polling of the jurors by the judge as to whether there was a reasonable probability that they could reach a verdict and a negative response from each of them, the court declared a mistrial and discharged the jury.

Defendant thereafter noticed a motion for leave to change his plea by adding: (1) a plea that he had already been acquitted of the offense charged and of the lesser included offenses of second degree murder and voluntary manslaughter, and (2) that he had been once in jeopardy for the offense charged and the lesser included offenses of second degree murder and voluntary manslaughter. In support of this motion defendant called, as a witness, Mrs. Bettty F. Beckendorf, who had been foreman of the jury at the trial at which the mistrial was declared.

Mrs. Beckendorf testified as follows: The jury had been presented with five alternative verdicts; that the final vote was divided, a portion of the votes being for acquittal, but that she could not remember whether the larger number was for acquittal or conviction; and that she believed that those voting for conviction had voted for a conviction of voluntary manslaughter. She also testified that during its deliberations the jury took a vote on whether defendant was guilty of first degree murder and unanimously voted that he was not guilty, and that they then took a vote on whether he was guilty of second degree murder and the vote was unanimous that he was not guilty. She then testified that thereafter the jury deliberated on whether defendant was guilty of voluntary or involuntary manslaughter and on whether he should be acquitted. On each of these questions the jury was divided.

On cross-examination by the district attorney Mrs. Beckendorf testified that there had been one vote for second degree murder. The motion was thereupon submitted and denied by the court.

Adverting to the questions presented, we first observe that by his motion defendant was seeking leave to be allowed to change his plea originally made to the charge by adding the following pleas permitted by Penal Code section 1016, to wit: "4. A former judgment of . . . acquittal of the offense charged" and "5. Once in jeopardy." Whether he should have been permitted to file such additional pleas prior to the commencement of the second trial was a matter in the trial court's discretion and its ruling denying such motion will not be disturbed on appeal, except upon a showing of abuse of discretion by the trial judge. (*People* v. *Young*, 26 Cal.

App.2d 700, 702 [80 P.2d 138]; *People* v. *Natale,* 199 Cal.App.2d 153, 157 [18 Cal.Rptr. 491]; *People* v. *Tidwell,* 108 Cal.App.2d 60, 63 [238 P.2d 21]; *People* v. *Morgan, supra,* 9 Cal.App.2d 612, 615; *People* v. *Northcott,* 209 Cal. 639, 646-647 [289 P. 634, 70 A.L.R. 806].)

Section 1016 of the Penal Code provides, in pertinent part, that ". . . the court may for good cause shown allow a change of plea at any time before the commencement of the trial. . . ." "The burden of showing good cause for the change of plea rests upon the defendant." (*People* v. *Morgan, supra,* 9 Cal.App.2d at p. 615; see *People* v. *Egan,* 218 Cal. 408, 410-411 [23 P.2d 755].) Accordingly, the defendant is required to show the trial judge that there is merit to his claim of former acquittal or once in jeopardy. (*People* v. *Gibbs,* 12 Cal.App.3d 526, 536 [90 Cal.Rptr. 866]; *People* v. *Morgan, supra; People* v. *Egan, supra.*)

 In support of his motion defendant produced the testimony of juror Beckendorf. No other evidence was produced. We apprehend that Mrs. Beckendorf's testimony is not in the nature of an attempt to impeach a jury's verdict which would only be admissible in certain limited situations.[2] (See *People* v. *Hutchinson,* 71 Cal.2d 342, 346-348 [78 Cal.Rptr. 196, 455 P.2d 132]; *Putensen* v. *Clay Adams, Inc.,* 12 Cal.App.3d 1062, 1082 [91 Cal.Rptr. 319]; Evid. Code, § 1150.) In the present case no verdict was rendered at all in view of the failure of the jury to agree upon a verdict. In such a situation the status of the case is the same as if there had been no trial. (*People* v. *Disperati,* 11 Cal.App. 469, 475-476 [105 P. 617]; *People* v. *Messerly,* 46 Cal.App.2d 718, 721 [116 P.2d 781]; *People* v. *Crooms,* 66 Cal.App.2d 491, 499 [152 P.2d 533].) Accordingly, there is no verdict to impeach. We do not apprehend that because of the testimony of Mrs. Beckendorf a court may now go behind the first jury's declaration that there was no reasonable probability that the jury could agree on a verdict.

The trial judge at the first trial polled each juror individually as to whether he or she believed that there was a reasonable probability that the jury could arrive at a verdict. Each juror, including Mrs. Beckendorf, responded unequivocally that there was no such probability. The judge then declared a mistrial. The determination whether there is a "reasonable probability that the jury can agree" is for the trial judge, and not the jury,

---

[2]Such testimony may be used to show that the verdict was reached by lot or chance, or that one or more of the jurors concealed bias or prejudice on *voir dire,* or, upon an inquiry as to the validity of a verdict, of statements made, or conduct, conditions or events occurring either within or without the juryroom, of such a character as is likely to have influenced the verdict improperly. (*People* v. *Hutchinson,* 71 Cal.2d 342, 349 [78 Cal.Rptr. 196, 455 P.2d 132]; *Putensen* v. *Clay Adams, Inc.,* 12 Cal.App.3d 1062, 1082 [91 Cal.Rptr. 319]; Evid. Code, § 1150.)

and must be made on the basis of his own impression of the psychological situation involved. (*People* v. *Sullivan,* 101 Cal.App.2d 322, 328 [225 P.2d 645]; *People* v. *Greene,* 100 Cal. 140, 142 [34 P. 630]; *People* v. *Finch,* 213 Cal.App.2d 752, 762-763 [29 Cal.Rptr. 420]; Pen. Code, § 1140.) ■ As stated in *People* v. *Ham,* 7 Cal.App.3d 768, 775 [86 Cal.Rptr 906], "This determination [i.e., that there is no reasonable probability a jury can resolve its differences and render a verdict], in each instance, rests in the sound discretion of the trial judge, exercisable on reference to and consideration of all factors before him [citations] . . . ."

■ In the present case there is nothing in the record to indicate that the judge in the first trial had before him any inkling or information that the jurors had agreed that defendant was not guilty of first degree murder and second degree murder and that their disagreement was only as to whether he should be convicted of manslaughter or acquitted. All that he was told by the jury was that they could not agree upon a verdict.

■ We are persuaded, moreover, that in the trial of an offense with necessarily included offenses the jury question is whether the accused committed the offense charged or any included offense. ■ A necessarily included offense is that which occurs when an offense cannot be committed without necessarily committing another offense. (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512]; *People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].) ■ A jury may find a defendant guilty of an included offense (Pen. Code, § 1159), and a finding that the defendant is guilty of the lesser included offense necessarily constitutes a finding of not guilty of the greater offense. (*In re Hess,* 45 Cal.2d 171, 176 [288 P.2d 5]; *People* v. *Harris,* 191 Cal.App.2d 754, 759 [12 Cal.Rptr. 916].) A person cannot be convicted of both the included and the greater offense because, in essence, only one offense is committed. (*People* v. *Greer, supra,* at pp. 600-601; *People* v. *Blue,* 161 Cal.App.2d 1, 4-5 [326 P.2d 183] [disapproved on other grounds in *People* v. *Tideman,* 57 Cal.2d 574, 587-588 (21 Cal.Rptr. 207, 370 P.2d 1007)].) Accordingly, it follows that, since only one offense can be committed where the offense contains a necessarily included offense, a finding of not guilty is an acquittal of the included offense as well as the greater offense.

In view of the foregoing principles we apprehend that in the trial of an offense which necessarily includes a lesser offense, as was the case here,[3] the jury, before they can return a verdict, must on the one hand, agree that

---

[3] A charge of murder includes all the subdivisions of murder, the lesser degrees thereof, and manslaughter. (*Gomez* v. *Superior Court,* 50 Cal.2d 640, 643-647 [328 P.2d 976]; *In re McCartney,* 64 Cal.2d 830, 831 [51 Cal.Rptr. 894, 415 P.2d 782]; *People* v. *Lewis,* 186 Cal.App.2d 585, 596 [9 Cal.Rptr. 263].)

the defendant is guilty of the offense charged or any included offense or, on the other hand, agree that he is not guilty of any offense, whether the greater or the lesser. We are of the opinion that although the law contemplates the conviction of an accused of a lesser offense when the evidence is insufficient to justify conviction for the greater offense charged (Pen. Code, § 1159; *People* v. *Wilder,* 151 Cal.App.2d 698, 708 [312 P.2d 425]; *People* v. *McCoy,* 25 Cal.2d 177, 194 [153 P.2d 315]), an acquittal of the greater charge does not result because the jury may have deemed the evidence insufficient to support that charge unless the jury agrees that he is guilty of a lesser included offense or agrees that he is not guilty of the crime charged, which finding includes a determination that he is not guilty of any included offense.

The closest situation to that invleoved in the present case in this state is to be found in *People* v. *Griffin,* 66 Cal.2d 459 [58 Cal.Rptr. 107, 426 P.2d 507]. In that case the defendant was charged with first degree murder. The jury, at the second trial, was discharged after failing to reach a unanimous verdict, and a mistrial was declared. After the jury was discharged the foreman disclosed in open court that in their deliberations the jurors stood 10 for acquittal and 2 for guilty of second degree murder. This fact was stipulated to at the beginning of the third trial and formed the basis for a motion by the defendant to enter a plea of once in jeopardy to the charge of first degree murder. The motion was denied and the third trial proceeded. The defendant was found guilty of first degree murder. On appeal the defendant contended that his third trial placed him twice in jeopardy of first degree murder. In rejecting the defendant's contention the Supreme Court noted (as is the case here) that the defendant did not deny that the jury was properly discharged pursuant to Penal Code section 1140. (At p. 464.) The court then observed as follows: "We may not infer from the foreman's statement that the jury had unanimously agreed to acquit of first degree murder. There is no reliable basis in fact for such an implication, *for the jurors had not completed their deliberations and those voting for second degree murder may have been temporarily compromising in an effort to reach unanimity. Nor need we 'imply' an acquittal as a matter of policy. Defendant has not had a convitcion of a lesser offense overturned on appeal, and it is therefore not necessary to prohibit retrial for any greater crime to protect the right to appeal.* (Compare *Green* v. *United States,* 355 U.S. 184 . . .; *Gomez* v. *Superior Court,* 50 Cal.2d 640 . . .; *People* v. *Henderson,* 60 Cal.2d 482. . . .)" (At p. 464; italics added.)

*Griffin* is factually different from the present case in that there the asserted unanimity to acquit for first degree murder arose by implication while here there is direct testimony that such was the case. Moreover, in

*Griffin,* the disagreement between the jurors was as to whether there should be an acquittal or a conviction for second degree murder. In the present case Mrs. Beckendorf's testimony indicates that the disagreement was whether defendant should be convicted of voluntary or involuntary manslaughter. Her testimony, furthermore, is susceptible of the inference that one juror was voting for a second degree murder conviction. These factual differences, however, do not militate against the rationale of *Griffin.* The significant holding in *Griffin* is that the jury, as in the case here, had not completed its deliberations. In the instant case, as in *Griffin,* the ballots taken and voted upon may well have been the result of temporary compromises in an effort to reach unanimity.

The early case of *People* v. *James* (1893) 97 Cal. 400 [32 P. 317], is of interest and indicative of the rationale we hold to be applicable here. There, in a first trial for assault with intent to commit rape, the judge, on the basis of evidence adduced, instructed the jury to return a verdict of not guilty but also instructed them that, pursuant to the provisions then found in section 1118 of the Penal Code,[4] they were not bound by his advice. The jury then retired and after some time returned and stated that they could not reach a verdict. Following a polling of each of the jurors and the response by each that there was no probability of their arriving at a verdict, the court made an order discharging the jury. Upon a second trial the defendant was convicted of the charged offense. On appeal the Supreme Court held that the failure of the jury to agree and their consequent discharge avoided the plea of once in jeopardy. The reviewing court observed that, although the jury ought to have returned a verdict of not guilty by reason of the state of the evidence, the defendant was in no different position, "in point of law, from that of any other defendant, whom the jury *should* have acquitted, but failed, through *erroneous* notions of some of the jurors, to agree upon a verdict, and, after a reasonable time, were discharged." (Pp. 402-403, second italics added.)

As pointed out in *Griffin,* the decisions in *Green* v. *United States,* 355 U.S. 184 [2 L.Ed.2d 199, 78 S.Ct. 221, 61 A.L.R.2d 1119], and *Gomez* v. *Superior Court,* 50 Cal.2d 640 [328 P.2d 976] are not apposite. In those cases the defendant *was convicted* of a lesser offense which was later overturned on appeal. It was held there that public policy precluded a conviction for a greater offense upon a retrial since, if the policy were otherwise, a defendant who believed he had a meritorious appeal might choose not to challenge his conviction lest upon the retrial he might

---

[4]Former section 1118 of the Penal Code was repealed in 1967.

suffer a conviction for a greater offense. The same rationale has been applied in cases where a person has been convicted of first degree murder and sentenced to life imprisonment. In such a case the prohibition against double jeopardy precludes imposition of the death sentence upon the defendant after the first judgment. (*People* v. *Henderson*, 60 Cal.2d 482, 495-496 [35 Cal.Rptr. 77, 386 P.2d 677].)[5]

Upon our analysis of the case, defendant's retrial was not violative of his rights against double jeopardy. In cases where it satisfactorily appears to the court that there is no reasonable probability that the jury can resolve its differences and render a verdict, a legal necessity arises to discharge the jury and jeopardy does not attach to the defendant. (Pen. Code, § 1140; *People* v. *Ham, supra,* 7 Cal.App.3d 768, 774-775; *People* v. *Griffin, supra,* 66 Cal.2d 459, 464.) This conclusion makes it unnecessary to discuss the question of mootness. However, in order to obviate any misconception, we point out that defendant's conviction of manslaughter in the second trial is of no moment because, upon the discharge of the jury at the first trial for failure to agree, defendant was placed in the same position at the commencement of the second trial as if there had been no previous trial. We perceive, however, that if defendant had been convicted of manslaughter at the first trial and there was a reversal and a second trial in which he was again convicted of manslaughter the double jeopardy error would not be harmless under the rationale of *Green, Gomez* and *Henderson.* (See *Price* v. *Georgia,* 398 U.S. 323, 331 [26 L.Ed.2d 300, 306, 90 S.Ct. 1757].)

For the reasons indicated we conclude, notwithstanding Mrs. Beckendorf's testimony, that the trial court did not abuse its discretion in refusing to permit defendant to change his plea by adding the pleas of former acquittal and once in jeopardy.

The purported appeal from the "Order and Orders made after Judgment" is dismissed. The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied February 15, 1972, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1972.

---

[5]Under this rationale a conviction of second degree murder is an acquittal of first degree murder and a conviction of manslaughter is an acquittal of second degree murder. (*In re McCartney, supra,* 64 Cal.2d 830, 831.)