[No. A054687. First Dist., Div. Five. Jan. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY HOLMES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication with the exception of part II.

**Counsel**

Richard I. Targow, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

HANING, J.—Anthony Holmes appeals his conviction by jury trial of first degree murder (Pen. Code, § 187), second degree robbery (Pen. Code, § 211) and a finding of firearm use. (Pen Code, § 12022.5). He raises instructional and identification error. We affirm.

## FACTS

In resolving this appeal we are required by established rules of appellate procedure to view the evidence in the light most favorable to respondent, and presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) Since appellant does not challenge the sufficiency of the evidence per se, only those facts necessary for resolution of appellant's assignment of errors need recitation, and they are provided in accordance with the stated established rules. The record reveals that appellant conspired with one Kimberly Hutchinson to rob the victim, who had arranged with Hutchinson to purchase cocaine from her. Appellant shot and killed the victim during the course of the robbery.

## DISCUSSION

### I

Appellant contends the court erred by failing to instruct sua sponte that the testimony of a witness to whom he confessed required independent corroboration, in light of the witness's testimony that her pretrial statements to the police were fabricated. Jessica Hawley told the investigating police sergeant that appellant was at her home when he was called by Hutchinson on the day of the murder. Appellant told Hawley of the plan to rob the victim, left the house with his gun and a ski mask, and was driving a car he had stolen. When appellant returned he told Hawley that the robbery had been accomplished and that he had shot the victim.

Hawley changed her story at the preliminary hearing and trial. She testified at trial that she fabricated her statement to the police because appellant had told her two days earlier that he preferred another woman to her, and she felt vindictive toward him. She said she had learned the details of the shooting from Hutchinson and another person during the week after it occurred, and did not speak with appellant about it.

The rules governing admission and use of evidence are contained principally in the Evidence Code, and the statutes therein govern all criminal proceedings unless overridden by constitutional concerns of specific provisions of the Penal Code. (Evid. Code, §§ 300; 1102; 1204; see also 1 Witkin, Cal. Evidence (3d ed. 1986) Introduction, § 12, p. 14.) The statutes are not the exclusive source of evidentiary rules, however; they are supplemented by judicial decisions that answer questions on which the Legislature has been silent or inexplicit. (See 1 Witkin, Cal. Evidence, *op. cit. supra*, § 14, p. 16.)

Appellant does not dispute that his statement to Hawley that he shot the victim was admissible as an admission (Evid. Code, § 1220), a declaration against his penal interest (Evid. Code, § 1230), and as a component of Hawley's prior inconsistent statement. (Evid. Code, § 1235.) He bases his contention on the requirement for independent corroboration of her repudiated statement on a line of cases beginning with *People* v. *Gould* (1960) 54 Cal.2d 621 [7 Cal.Rptr. 273, 354 P.2d 865], which holds: "An extrajudicial identification that cannot be confirmed by an identification at the trial is insufficient to sustain a conviction in the absence of other evidence tending to connect the defendant with the crime. [Citation.]" (*Id.*, at p. 631; see also *People* v. *Lucky* (1988) 45 Cal.3d 259, 288 [247 Cal.Rptr. 1, 753 P.2d 1052]; *In re Miguel L.* (1982) 32 Cal.3d 100, 106 [185 Cal.Rptr. 120, 649 P.2d 703]; *People* v. *Ford* (1981) 30 Cal.3d 209, 212 [178 Cal.Rptr. 196, 635 P.2d 1176]; *People* v. *Chavez* (1980) 26 Cal.3d 334, 361 [161 Cal.Rptr. 762, 605 P.2d 401]; *In re Johnny G.* (1979) 25 Cal.3d 543, 547 [159 Cal.Rptr. 180, 601 P.2d 196].)

A review of *Gould* and its progeny reveals that the *Gould* rule comes into play when a nonaccomplice witness to a criminal offense—victim or bystander—makes an out-of-court identification of the defendant and subsequently fails to identify him at trial. It is related in principle to the requirement that an accomplice's testimony is insufficient for conviction unless it is corroborated by other evidence connecting the defendant with the offense. (Pen. Code, § 1111; see also *People* v. *Belton* (1979) 23 Cal.3d 516, 535 [153 Cal.Rptr. 195, 591 P.2d 485] (conc. opn. of Jefferson, J.); CALJIC No. 3.11) Such an identification or testimony, standing alone, is deemed to lack sufficient indicia of accuracy and trustworthiness. (See *In re Miguel L.*, *supra*, 32 Cal.3d at p. 107; *People* v. *Ford*, *supra*, 30 Cal.3d at p. 215; *People* v. *Armijo* (1990) 221 Cal.App.3d 271, 278-279 [270 Cal.Rptr. 496]; *In re Eugene M.* (1976) 55 Cal.App.3d 650, 657-658 [127 Cal.Rptr. 851].) Here, Hawley was not a witness or accomplice to the crime, made no extrajudicial statement that she witnessed its commission, and her *identification* or *misidentification* of appellant as the perpetrator was not in issue. She simply recited the events of the day of the shooting, including appellant's admission to her that he had participated in a robbery during which he shot the victim. She then testified at trial that her statement to the police was not true.

Appellant has not cited, and we have not located, any cases where the *Gould* rule was applied to a situation in which a trial witness who was not present during the commission of the crime recants an extrajudicial statement concerning a defendant's admission against penal interest. Nor has

the *Gould* rule been applied to an extrajudicial admission of a party. ▮ Unlike an out-of-court identification or accomplice testimony, extrajudicial admissions do not require corroboration with other evidence tending to connect the defendant with the offense as long as the corpus delicti of the crime has been established independently of the admissions. (See *People* v. *Mattson* (1990) 50 Cal.3d 826, 873-874 [268 Cal.Rptr. 802, 789 P.2d 983]; *People* v. *Alcala* (1984) 36 Cal.3d 604, 624-625 [205 Cal.Rptr. 775, 685 P.2d 1126]; *People* v. *Cooper* (1960) 53 Cal.2d 755, 765 [3 Cal.Rptr. 148, 349 P.2d 964]; *People* v. *McMonigle* (1947) 29 Cal.2d 730, 738-739 [177 P.2d 745]; *People* v. *Mills* (1991) 1 Cal.App.4th 898, 921 [2 Cal.Rptr.2d 614].)

▮ To establish the corpus delicti of a murder charge the People must make a prima facie showing of a death caused by a criminal agency. (*People* v. *Mattson, supra,* 50 Cal.3d at p. 874.) Proof of the corpus delicti does not require proof that the accused committed the crime. Once the corpus delicti is established, the defendant's admissions and confessions are admissible and may suffice by themselves to establish the defendant's connection with the crime. (*People* v. *Manson* (1977) 71 Cal.App.3d 1, 42-43 [139 Cal.Rptr. 275]; see also *People* v. *Cantrell* (1973) 8 Cal.3d 672, 679-681 [105 Cal.Rptr. 792, 504 P.2d 1256].) ▮ There is no dispute that in this case the People established the corpus delicti independently of any admissions appellant made to Hawley: A witness testified he saw one man threatening another man with a pistol; while the witness was inside telephoning the police he heard a gunshot; he returned outside to see the threatened man bleeding; and the victim was pronounced dead from a gunshot wound approximately one and one-half hours later.

The court properly instructed that an out-of-court admission by a defendant was to be viewed with caution, that evidence of prior inconsistent statements could be considered for both the credibility of the declarant and the truth of the facts in the prior statement, and that the jurors were the sole judges of the credibility of a witness. It was not required to instruct sua sponte that Hawley's statement to the police detailing the events of the day of the shooting had to be corroborated by independent evidence.[1]

---

[1]In a footnote of his opening brief, appellant comments that the court's procedure for giving an omitted instruction after jury deliberations commenced—reading the instruction to the jurors in the jury room instead of calling them to the courtroom—was error. However, he neither asserts nor argues this procedure as an assignment of error, so we need not consider it. (*People* v. *Scott* (1944) 24 Cal.2d 774, 783 [151 P.2d 517]; *People* v. *Doolittle* (1972) 23 Cal.App.3d 14, 16, fn. 1 [99 Cal.Rptr. 810].)

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Affirmed.

Peterson, P. J., and King, J., concurred.

---

*See footnote, *ante*, page 1094.