Filed 6/12/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

SHELLY ELAINE JOHN,

    Defendant and Appellant.

E070022

(Super.Ct.No. 16CR022994)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Reversed with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Shelly Elaine John was permitted to plead guilty to the felony offenses alleged against her; but, the trial court accepted a stipulation that she was insane at the

1

time she committed the offenses and should serve her sentence in a state hospital where her sanity could be restored. Less than five months after the trial court committed defendant to Patton State Hospital, she moved to withdraw her plea pursuant to Penal Code section 1018. The trial court denied the motion as untimely, presumably because it believed judgment had already been entered. In her brief, defendant argued, and the People conceded, defendant's motion was timely because judgment had not yet been entered, and the case should be remanded for the trial court to consider the motion on its merits.

Although we agree with the parties that judgment was never entered and, consequently, defendant's motion to withdraw her guilty plea was timely filed, we conclude the root of the problem in this case is the unauthorized and illegal plea bargain the trial court should not have accepted in the first place. Therefore, rather than merely reverse and remand for a hearing on the merits of defendant's motion to withdraw her plea, the proper remedy is to vacate the plea agreement in its entirety and return the parties to the status quo ante. During oral argument before this court, the parties agreed such a disposition is appropriate under the unique facts of this case. On remand, the defendant will be permitted to enter a new plea and, if the parties again negotiate a plea agreement, the trial court must determine whether it is lawful and should be accepted.

# I.

## PROCEDURAL BACKGROUND[1]

The People charged defendant by felony complaint with committing various offenses and alleged defendant had previously been convicted of a serious or violent felony offense. At her in-custody arraignment, defendant pleaded not guilty to all counts and the prior conviction allegation.

At a prepreliminary hearing, defendant's attorney declared a doubt about defendant's competency to stand trial. The trial court suspended the proceedings and ordered defendant evaluated pursuant to Penal Code sections 1368 and 1369 (all additional undesignated statutory references are to the Penal Code). After receiving a report from a physician who opined defendant was competent to stand trial, the trial court declared defendant to be competent and reinstated the proceedings.

Defendant was subsequently held to answer, and the People filed an information. Defendant pleaded "deny" to all charges and allegations in the information. At a pretrial hearing, defendant was permitted to change her pleas to not guilty and not guilty by reason of insanity (NGI). The trial court ordered a psychiatric/psychological evaluation pursuant to section 1026. After several continuances, the matter was set for a hearing to take a new plea from defendant.

---

[1] The underlying facts of the offenses alleged in this case are irrelevant to the issue on appeal.

3

Pursuant to a plea agreement, defendant agreed to plead guilty to all counts and admit to having suffered a prior serious or violent felony conviction in exchange for a term of 14 years. However, the prosecutor and defendant stipulated to a finding that defendant was insane when she committed the offenses, and she would "serve her sentence" in Patton State Hospital or another facility maintained by the California Department of State Hospitals (department). Defendant therefore changed her pleas of not guilty and entered pleas of guilty, which the court accepted along with the parties' additional stipulation that defendant was insane at the time she committed the offenses. The court "adjudicated [her] not guilty by reason of insanity."[2]

After receiving the probation officer's recommendation, the trial court sentenced defendant to 14 years in state prison but, pursuant to the stipulation, referred her to the department for placement assessment. And, after receiving the assessment report, the trial court committed defendant to the custody of the department until her competency was restored, but for no more than 14 years.

---

[2] Technically speaking, the plea agreement did call for defendant to enter a plea of NGI, and she did not enter one on the record. However, as explained, *post*, a person who pleads guilty is conclusively presumed to have been sane when she committed her crimes (§ 1016), and the trial court could not have found defendant to have been insane and committed her to Patton State Hospital in the absence of a plea of NGI. Therefore, we will treat the parties' stipulation as a plea of NGI.

4

Five months into her commitment to Patton State Hospital, defendant, through counsel, informed the trial court that she wished to withdraw her plea and requested that she be transported to court for that purpose.[3] At the initial hearing on defendant's motion to withdraw her plea, the trial judge indicated he was unsure whether defendant could do so because "there's a deadline to do that, to bring that motion. I think that deadline has already passed, but I'm not positive." The court accepted defendant's oral motion but continued the hearing "to do some research to determine if [the] motion is timely or not."

At the continued hearing, the judge indicated the procedural posture of defendant's motion was "clearly in the middle of terra incognita" because he was unable to find any authority for the proposition that a person who pleads NGI and is committed to a state hospital may, "after the passage of several months, make a motion to withdraw the plea." Although the judge found no statute that authorized defendant's motion and no statute that barred it, he indicated granting defendant a "broad-ranging right to withdraw [her] plea at any time under any circumstances" would encourage a person who had been committed to Patton State Hospital for 10 years to "decide somewhere down the road [he or she] wants to withdraw their plea." Therefore, the court denied the motion.

Defendant timely appealed and, upon request, received a certificate of probable cause.

---

[3] The record does not indicate what plea defendant wished to withdraw: her guilty pleas, her stipulated plea of NGI or both.

5

## II.

## DISCUSSION

Section 1018 provides, in relevant part, a defendant may, for good cause shown, be permitted to withdraw a guilty plea. A defendant may apply to withdraw her guilty plea "any time before judgment" or within six months of an order granting probation if entry of judgment is suspended. (§ 1018.) "In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) As explained, *post*, commitment of an insane defendant to a state mental hospital is not a sentence or the entry of judgment. However, such a commitment order is considered a final judgment for the limited purpose of appeal (§ 1237, subd. (a)), and denial of defendant's motion to withdraw her plea is deemed to be an appealable postjudgment order. (*Id*., subd. (b).)

The only responsive pleadings available to a criminal defendant are a demurrer or a plea. (§ 1002.) Inter alia, a defendant may plead guilty, not guilty, and NGI. (§ 1016.) Section 1016 provides: "A defendant *who does not plead guilty* may enter one or more of the other pleas." (Italics added.) And, a defendant who does not plead NGI (which necessarily includes a defendant who only pleads guilty) "shall be conclusively presumed to have been sane at the time of the commission of the offense charged . . . ." (§ 1016.)

6

By necessary implication, a defendant who pleads guilty may *not* enter another plea and is conclusively presumed to have been sane at the time she committed the offense, unless she timely moves to withdraw her guilty plea and enter a new plea before trial or before the entry of judgment. (§§ 1016, 1018.) This makes sense because a plea of guilty is incompatable with a plea of NGI. "'A guilty plea admits every element of the offense charged and is a conclusive admission of guilt.'" (*People v. Maultsby* (2012) 53 Cal.4th 296, 302) And, unless the guilty plea is withdrawn, it admits "the sanity of the defendant at the time he [or she] committed [the offense], for a person legally insane cannot be guilty of the commission of a crime while such legal insanity exists." (*People v. Morgan* (1935) 9 Cal.App.2d 612, 615 [assuming, but not deciding, a defendant may enter guilty and NGI pleas].) Once a defendant pleads guilty, the trial court should promptly sentence her as appropriate. (§§ 1191, 1202.)

"A defendant who pleads not guilty by reason of insanity, without also pleading not guilty, thereby admits the commission of the offense charged." (§ 1016; see *People v. Morgan*, *supra*, 9 Cal.App.2d at p. 615 [plea of NGI without additional plea of not guilty is "a plea of confession and avoidance"].) Because a not guilty plea places at issue all material allegations in the accusatory pleading (§ 1019), a defendant may combine a plea of not guilty and NGI. When a defendant combines those pleas, she is first tried as if she had only pleaded not guilty and, in that trial, she shall be conclusively presumed to have been sane at the time she committed the offense. (§ 1026, subd. (a).) A verdict of

7

not guilty ends the matter. But, if the jury finds her guilty, the trial court shall promptly conduct a second trial to determine whether she was sane when she committed the offense. (*Ibid.*) If the jury concludes she was sane, the trial court shall sentence her as appropriate. (§§ 1191, 1202.) If, however, the jury concludes she was insane, the trial court shall commit her to the department for treatment and restoration of her sanity. (§ 1026, subd. (a); see generally *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1430-1432.) Because a defendant who only pleads NGI admits to having committed the offense (§ 1016), the guilt trial is dispensed with, and the trial court proceeds directly to a trial to determine whether she was sane when she committed the offense. (§ 1026, subd. (a).)

In this case, defendant, pursuant to an agreement with the prosecutor, entered guilty pleas to all charges in exchange for a recommended sentence of 14 years in a state hospital based on a stipulation that she was insane when she committed the offenses. The trial court accepted defendant's *guilty* pleas, but then found her *not guilty* by reason of insanity pursuant to the stipulation and purported to *sentence* her to 14 years in a state hospital. And when defendant subsequently moved to withdraw one or more of her pleas (see *ante*, fns. 2-3), the trial court denied the motion as untimely because, presumably, the court believed it had already entered judgment.

Except for the limited purpose of appeal, the unorthodox and unauthorized plea agreement accepted by the trial court in this case did not result in a judgment, final or otherwise. As the People concede, commitment to a state hospital is not a "sentence," so defendant was never actually sentenced. (See *People v. Dobson*, *supra*, 161 Cal.App.4th at p. 1432 ["The commitment of the defendant to a state hospital [after a Penal Code section 1026 insanity determination] 'is in lieu of criminal punishment and is for the purpose of treatment, not punishment.'"].) Therefore, as the People also concede, judgment has not yet been entered (*People v. Karaman*, *supra*, 4 Cal.4th at p. 344, fn. 9), and defendant's motion was timely under section 1018.

But, we conclude, and the parties now agree, we should not simply reverse the order denying defendant's motion to withdraw her plea and remand for a hearing on the merits. As demonstrated, *ante*, a plea of guilty cannot be combined with a plea of NGI to the same charges. An illegal plea bargain is null and void. (See *People v. Massie* (1998) 19 Cal.4th 550, 564 ["'[A]n unlawful guilty plea is null'"].) "Where a trial court is asked to approve an illegal plea bargain—illegal because it violates a policy condition established by the Legislature or the people through the initiative process—the proper course of action for the court is clear. It should decline to act in excess of its authority and should refuse to approve an arrangement under which it is called upon to do so." (*In re V.B.* (2006) 141 Cal.App.4th 899, 908; accord, *People v. Soriano* (1992) 4 Cal.App.4th 781, 785 ["'Faced with . . . an unlawful plea bargain, a trial court should withhold

9

approval of the bargain.'"].)  Therefore, we reverse the order denying defendant's motion and vacate the trial court's approval of the plea agreement and the order committing defendant to Patton State Hospital.  On remand, defendant shall enter a new plea.

## III.

## DISPOSITION

The order denying defendant's motion to withdraw her plea or pleas is reversed. The approval of defendant's plea bargain with the People and the stipulated order committing defendant to Patton State Hospital is vacated.  The matter is remanded for the defendant to enter a new plea.

CERTIFIED FOR PUBLICATION

McKINSTER _____
Acting P. J.

We concur:


MILLER _____
            J.


RAPHAEL _____
            J.