[Crim. No. 8504. First Dist., Div. Three. Apr. 21, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD BOYD, Defendant and Appellant.

**COUNSEL**

Gordon J. Lau, under appointment by the Court of Appeal, and Hardesty, Lau & Dalziel for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Karl J. Uebel, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CALDECOTT, J.**—Appellant was convicted, following a jury trial, of a violation of Health and Safety Code section 11500 (possession of narcotics other than marijuana). The appeal is from the judgment.

On July 16, 1969, appellant pleaded not guilty to the offense charged. A jury was impaneled on September 15. Testimony commenced on September 16. On September 17, the trial was ordered continued for one week as appellant was suffering from heroin withdrawal symptoms. Upon resumption of the trial on September 24, defense counsel moved to enter an additional plea of "not guilty by reason of insanity," under Penal Code section 1026, and requested an examination, pursuant to Penal Code section 1368, to determine the present sanity of the defendant. Based upon his courtroom

observations, the trial judge denied the section 1368 motion, and ordered that the "section 1026 motion" be taken under submission until the conclusion of the trial. There have been no further proceedings pursuant to Penal Code section 1026.

Appellant contends he was denied a fair and impartial trial by a jury of his peers. The prosecutor peremptorily excused four prospective jurors, two of whom were black. Appellant, a Negro, contends that the jury actually selected was not composed of his peers, when viewed in light of its racial composition. He does not suggest there was a deliberate effort to exclude Negroes from the jury, but contends, nevertheless, the unintentional exclusion during the selection process is violative of constitutional guarantees.

The right to a trial by a fair and impartial jury is basic to our system of justice. Yet for one to attack a jury because of its composition, one must show a purposeful or deliberate discrimination, which discrimination may not be assumed or merely asserted. (*Swain* v. *Alabama,* 380 U.S. 202, 203-205 [13 L.Ed.2d 759, 763-764, 85 S.Ct. 824]; see also *People* v. *Newton,* 8 Cal.App.3d 359, 389-391 [87 Cal.Rptr. 394].) Because appellant has failed to make such a showing of purposeful or deliberate discrimination, his argument must fail.

Appellant contends that there was not sufficient and probable cause to stop and question him. Appellant recognizes circumstances short of probable cause may justify an officer's action in stopping and temporarily detaining a person for questioning. "The test is whether the circumstances are such as to indicate to a reasonable man in a like position that such a course is necessary to the proper discharge of the officer's duties." (*Lane* v. *Superior Court,* 271 Cal.App.2d 821, 824 [76 Cal.Rptr. 895].) The officer must be able to point to reasons, beyond a mere hunch, for questioning the suspect. (*People* v. *Stephenson,* 268 Cal.App.2d 908, 911 [74 Cal.Rptr. 504].) Should the investigation reveal probable cause to make an arrest, the officer may arrest the suspect and conduct a search incidental to the arrest. (*People* v. *Mickelson,* 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658].)

The officers in the instant case were able to point to reasons, beyond a mere hunch, for questioning appellant. They had been assigned to a detail to investigate or prevent daytime burglaries. They saw appellant acting as if he were attempting to unlawfully enter a dwelling, and they based this conclusion upon their prior experience in such matters. In the light of these facts, their action was necessary to the proper discharge of their duties.

Appellant maintains that because the officers merely asked him for his name, address, and date of birth, this court should realize the officers "did not have proper cause to stop appellant in regard to a burglary, but rather fabricated an excuse to search him unlawfully." Appellant further suggests that, once the questions were answered, the officers had no right to further detain him.

As noted earlier, however, there were sufficient circumstances to justify stopping and questioning appellant. Appellant has presented no evidence, beyond this mere assertion, to support his charge the officers were acting with an unlawful intent. Furthermore, detaining a person for questioning would be meaningless, if the officers were not allowed a short and reasonable time to confirm the information received. The stop and subsequent questioning were not unconstitutional. (See *People* v. *Mickelson, supra,* at p. 452.)

■ Appellant contests the legality of the subsequent search conducted by the officers. When one of the officers started to cross the street to a police callbox, appellant suddenly broke away from the other officer and started to run. ■ Flight from the scene of a temporary detention is a relevant factor in finding probable cause to make an arrest. (*People* v. *Villareal,* 262 Cal.App.2d 438, 444 [68 Cal.Rptr. 610].) ■ Just before the officer was able to catch appellant, the latter discarded his cap by throwing it onto the street, causing several balloons to fall out of it. ■ An attempt to throw away contraband similarly provides a basis for finding probable cause for arrest. (*People* v. *Monreal,* 264 Cal.App.2d 263, 267 [70 Cal.Rptr. 256]; *People* v. *Holguin,* 263 Cal.App.2d 628 [69 Cal.Rptr. 759].) ■ The balloons were examined by the officer, who believed each contained a narcotic. The officer then placed appellant under arrest for possession of narcotics. Appellant does not argue the officers had no probable cause to arrest him at this point. As a search incidental to a valid arrest, the search was justified.

■ Appellant contends the trial court erred by not ordering, during the course of trial, a special hearing pursuant to Penal Code section 1368, to determine the present competency of appellant to stand trial. Appellant relies upon a statement, made by defense counsel to the trial judge, that appellant could not remember pretrial motions and hearings, that he had a difficult problem of communicating with his client, and that the withdrawal effects of heroin addiction made it impossible for counsel to know if appellant understood what was happening. The trial court denied the motion for the hearing, stating there was no doubt as to appellant's mental competency.

■ Where there is substantial evidence of an accused's lack of mental

competency, a hearing under Penal Code section 1368 must be granted. Failure to grant the hearing is prejudicial error. (*People* v. *Pennington,* 66 Cal.2d 508, 518 [58 Cal.Rptr. 374, 426 P.2d 942]; see also *Pate* v. *Robinson,* 383 U.S. 375 [15 L.Ed.2d 815, 86 S.Ct. 836].) Where there is less than substantial evidence however, the trial judge has discretion on whether to grant such a hearing during the course of a trial. (See *People* v. *Pennington, supra.*)

■ An examination of the record reveals nothing that could be considered substantial evidence of mental incompetency. On the contrary, the record indicates that appellant fully understood the proceedings. Moreover, appellant presents no instances demonstrating his lack of mental competency at trial. On this record the exercise of the trial judge's discretion must be upheld. (*People* v. *Laudermilk,* 67 Cal.2d 272, 282-288 [61 Cal.Rptr. 644, 431 P.2d 228].)

■ Appellant contends that as no disposition was made of his plea of "not guilty by reason of insanity," the trial court committed prejudicial error. In *People* v. *Leon,* 163 Cal.App.2d 791 [329 P.2d 996], the same problem arose. In that case pleas of "not guilty" and "not guilty by reason of insanity" were entered. Defendant was found guilty, but there was no disposition made by the court of the issue raised by the plea of "not guilty by reason of insanity." The court held, at page 794: "The evidence is clearly sufficient to support the judgment of the court on appellant's plea of 'not guilty.' However, since the judgment was prematurely entered by reason of the failure of the trial court to pass upon appellant's plea of 'not guilty by reason of insanity,' the judgment is reversed and the cause remanded for trial upon the remaining issue of 'not guilty by reason of insanity.' " In the present case the evidence was sufficient to support the judgment on the plea of "not guilty," but the judgment was prematurely entered as there was no disposition made of the tender of plea of not guilty by reason of insanity.

The further issue is raised as to whether a plea of "not guilty by reason of insanity" was properly entered. After trial had commenced, defense counsel stated: ". . . Judge, I would like to, under Penal Code section 1026 enter a plea of not guilty by reason of insanity. . . ." The judge said, "Now, with respect to your motion pursuant to 1026 of the Penal Code. A hearing on that matter will be deferred until the substantive matter has been determined by the jury."

The respondent points out that Penal Code section 1016 provides ". . . that the court may *for good cause shown* allow a change of plea at any time *before the commencement of the trial.*"(Italics added.) Respondent contends that, as the plea was not entered "before the commencement of the trial," the tender on the second day of trial was too late and thus was invalid.

Respondent further contends that "good cause" for the change of plea was not shown.

In *People* v. *Egan,* 218 Cal. 408 [23 P.2d 755], as in the present case, the change of plea was tendered after commencement of trial. Although the case was decided on the issue that "good cause" for a change of plea was not shown and that the affidavit in support of the change was inadequate, there was no finding or even comment by the Supreme Court that the tender was untimely. *Egan* does not hold that a defendant has the right to change his plea at any time, for change of plea, after commencement of trial, is a matter that rests within the sound discretion of the trial court. Furthermore, as stated in *People* v. *Morgan,* 9 Cal.App.2d 612, at p. 615 [50 P.2d 1061], "The burden of showing good cause for the change of plea rests upon the defendant."

 Thus, if good cause is shown, the plea is not barred after the commencement of trial. As the Attorney General has noted, ". . . there may be exceptional cases in which fairness to the defendant would dictate that some relief should be available to him when circumstances arising after commencement of the trial initially put his counsel on notice that his client may have been insane at the time of [the commission of] the offense."

 Respondent's claim that the record does not show good cause for the change of plea is correct. However, the trial judge stated: "Now, with respect to your motion pursuant to 1026 of the Penal Code. A hearing on that matter will be deferred until the substantive matter has been determined by the jury." Obviously the judge did not accept or refuse the tender, as there was no hearing on the issue of "good cause." Thus appellant has not had the opportunity to present his "good cause," and the court has not yet exercised its discretion as to whether or not to accept the plea of "not guilty by reason of insanity."

Appellant contends that he was denied competent representation by counsel because his plea of insanity pursuant to Penal Code section 1026 was neglected. However, as appellant will have a hearing on his change of plea, and a trial on the issue of insanity if the change is granted, no prejudice has been suffered.

The evidence is sufficient to support the judgment of the court on appellant's plea of "not guilty." However, since the judgment was prematurely entered, by reason of the failure of the trial court to pass upon appellant's plea of "not guilty by reason of insanity," the judgment is reversed and the cause remanded for hearing upon appellant's tender of change of plea of "not guilty by reason of insanity," and trial upon the remaining issue of

"not guilty by reason of insanity" if the change of plea is allowed. If the change of plea is permitted, and if appellant is found "not guilty by reason of insanity," the court will then take the proper steps under the circumstances. If the plea is refused, or if appellant is found sane on the insanity issue, the court will resentence him.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1971.