547 P.2d 1063
The STATE of Arizona, Appellee,
v.
Steven M. WRONKO, Appellant.
No. 2 CA–CR 759.

Court of Appeals of Arizona,
Division 2.
April 7, 1976.
Rehearing Denied May 12, 1976.

**264**

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Risner, Raven & Keller by Peter B. Keller, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was found guilty of possession of heroin in a trial before the court and was placed on probation for two years. The pivotal issue in this appeal is whether appellant's initial detention was lawful.

The facts considered in the light most favorable to support the judgment are as follows. At approximately 4:20 p. m. on the afternoon of February 4, 1975, Officer James Rooney of the Tucson Police Department was driving north on Alvernon Way when he received a radio call concerning a burglary in progress at 1339 North Venice Avenue. It was reported that the suspect was a white male wearing either a white or blue shirt and blue pants and that he was running from the burglary scene in a northerly direction.

Appellant was walking east on Duncan Street about three quarters of a mile from the burglary scene. He was wearing a blue work shirt and blue levis. Officer Rooney stopped him and asked his name and address. After receiving a response to the effect that Wronko did not want to speak to him, Officer Rooney placed him against the patrol car and frisked him.

Officer Rooney told appellant to remain while he used his radio. At that point, appellant fled and was pursued through an alley by the officer. Both appellant and Officer Rooney fell numerous times during the chase.

Appellant removed his wallet from his pocket as he was running and just prior to being captured, threw it into some bushes. The officer handcuffed appellant and then retrieved the wallet. Appellant was placed in the patrol car and taken to the burglary victim's residence. The burglary victim stated that appellant was not the burglar. The officer then asked appellant again for his name and address. Appellant furnished the information. The officer opened appellant's wallet and observed the corner of a piece of paper folded in a triangular fashion which he surmised to be an envelope containing narcotics of some sort. He removed and opened the envelope which contained a brown powder later identified as heroin.

Appellant moved to suppress the heroin on the grounds that it was the product of an unlawful search and seizure. He claims that the denial of his motion to suppress was erroneous.

We do not agree with appellant's contention that the initial detention was unlawful. The information possessed by the officer gave him sufficient grounds to detain and question appellant. *People v. Curtis*, 70 Cal.2d 347, 74 Cal.Rptr. 713, 450 P.2d 33 (1969). Detaining a person for questioning would be meaningless if the officer was not allowed a short and reasonable time to confirm the information received. *People v. Boyd*, 16 Cal.App.3d 901, 94 Cal.Rptr. 575 (1971). Appellant's tossing the wallet into the bushes while he was being chased constituted an abandonment and there was no "seizure" when it was retrieved by the officer. It is not a search to observe that which occurs openly in a public place and which is in plain view.

*Trujillo v. United States,* 294 F.2d 583 (10th Cir. 1961).

The information known by the officer coupled with appellant's flight gave probable cause to arrest appellant and take him to the victim's home for identification. *People v. Boyd,* supra.

Since the officer had a right to examine the contents of the abandoned wallet when retrieved, the fact that the examination of its contents occurred after the victim could not identify appellant is of no legal significance.

Affirmed.

KRUCKER, and HATHAWAY, JJ., concur.