[Crim. No. 11282. Fourth Dist., Div. One. Apr. 2, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO COTA HERRERA, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, David Kay and Kenyon C. Keller for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney Gen-

eral, A. Wells Petersen and Anthony Lovett, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GREER, J.\***—Defendant Sergio Cota Herrera appeals his conviction of assault with a deadly weapon (Pen. Code, § 245, subd. (a)).

In an information filed by the district attorney's office of the County of Imperial, Herrera was charged with a one-count information charging assault with a deadly weapon (Pen. Code, § 245, subd. (a)). A verdict of guilty was returned by the jury and dated April 16, 1979.

### Defendant's Contention on Appeal

(1) The trial court improperly denied Herrera his right of self-representation;

(2) The trial court improperly excluded relevant cross-examination;

(3) The trial court improperly sentenced Herrera without specifying reasons for the upper term;

(4) Herrera is entitled to additional good-time/work-time credits for pretrial custody.

### Factual Summary

Herrera's first appearance before the trial courts, significant to the question raised by Herrera's first contention occurred on March 26, 1979. On that date, Herrera, through his counsel, moved to continue his case in order to obtain funds to hire a private attorney. The motion judge continued the matter until April 17 for trial (with some confusion on the record as to whether the date would be Apr. 17 or Apr. 24, 1979). The court further arranged for library privileges for Herrera. Finally on this date, Herrera complained his appointed counsel was not

---

*Assigned by the Chairperson of the Judicial Council.

giving him adequate representation and upon the inquiry of the court, the assistant public defender, Mr. McDonough, gave assurances the case would be prepared for trial.

On April 5, 1979, at a pretrial conference, the public defender appeared along with Herrera and announced there was no disposition in the matter, the trial date was then confirmed (this was not the public defender assigned to the case). Apparently, shortly after the public defender left the court, Herrera asked to address the court stating the public defender ". . .didn't give me a chance to even speak with him." The court suggested a recess and that he would attempt to locate Herrera's attorney to allow for a conference. There is no information on the record as to whether that conference ever occurred.

On April 10 Herrera moved to have the assistant public defender assigned to the case, removed. At that hearing the public defender was Mr. Cognata because of the illness of Herrera's assigned counsel, Mr. McDonough. This matter was continued to April 11 so Mr. McDonough could appear.

On the morning of April 11, the court made a complete inquiry into the reasons for Herrera's request and asked defendant's attorney for comment as required by existing California law (*People v. Terrill* (1979) 98 Cal.App.3d 291 [159 Cal.Rptr. 360]; *People v. Culton* (1979) 92 Cal.App.3d 113 [154 Cal.Rptr. 672]). Finally, in an effort to allow Herrera to communicate privately with his attorney, the court had defendant taken into the "attorney-client" room for a full discussion. On this same date, April 11 at 1:32 p.m., Herrera again appeared before the court with his counsel, Mr. McDonough, and the district attorney. The court then heard further argument from Hererra, personally, regarding ineffective assistance of counsel, and then made further inquiry of his counsel. The court denied defendant's motion to remove Mr. McDonough and denied a continuance of the trial date. Both rulings were made after a complete inquiry and thorough consideration of the matters. At this point in time, after the conference arranged by the court, the defense attorney indicated for the first time Herrera wished to enter a further plea of not guilty by reason of insanity. In reply to an inquiry from the court, Mr. McDonough indicated that based upon his investigation, such a plea was not appropriate. The *court* then inquired of any history of mental illness and discovered from Herrera that he had been under some type of psychiatric evaluation

since he was 16 or 17 years of age.[1] Based upon that inquiry, the court continued the matter for a hearing before the assigned trial judge on the following day.

On April 12 the matter was called before the trial judge. Mr. McDonough made an oral motion to enter an additional plea of not guilty by reason of insanity. In reply the district attorney claimed complete surprise and requested a continuance (it should be noted a district attorney was present at the hearing on the day before when the motion was continued). A continuance was granted by the court until April 16.

On the morning of April 16 the district attorney filed points and authorities in opposition to defendant's motion to enter an additional plea. Mr. McDonough orally listed locations and dates of Herrera's psychiatric treatment. Again the district attorney moved for a continuance to the afternoon because the trial deputy was not able to be present and again the matter was continued by the court for the convenience of the district attorney. At 1:15 p.m., without further argument, the court denied the motion and set the case for trial on the following day. At this point the district attorney noted the trial date showed as April 24 on his file and the court asked, "What is wrong with tomorrow?"

It should be noted on April 17, the medical records that had been sent for had been received but the trial judge refused to consider the documents. On April 17, defendant moved for the right to proceed in propria persona, indicating how he intended to defend his case and appeared ready to proceed. The trial court denied Herrera's motion without further inquiry stating "...if he says he's crazy...he can't represent himself." After further exchange between Herrera and the trial judge, a jury was empaneled and the case then continued by the court until April 19, due to the fact no court reporter would be available.

*The Motion for Entry of an Additional Plea of Not Guilty by Reason of Insanity*

Penal Code section 1016 provides in pertinent part: "...A defendant who does not plead not guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged; provided, that the court may for good cause shown allow a change of plea at any time before the commencement of the trial."

---

[1]The record indicates Herrera was 40 years of age.

Under normal circumstances, the court's discretion in denying permission will be upheld. (Witkin, Cal. Criminal Procedure, § 256, p. 236.)

In the case of *People v. Boyd* (1971) 16 Cal.App.3d 901 [94 Cal.Rptr. 575], the court held failure to *consider* the change of plea, even during trial, was error. The court further cited an opinion of the Attorney General regarding change of plea after commencement of trial as follows: "...there may be exceptional cases in which fairness to the defendant would dictate that some relief should be available to him when circumstances arising after commencement of the trial initially put his counsel on notice that his client may have been insane at the time of (the commission) of the offense."

The *Boyd* court further stated at page 908 that it was apparent where, as here, the trial court did not give defendant an opportunity to present his "good cause" for entry of an additional plea "the court has not yet exercised its discretion as to whether or not to accept the plea of 'not guilty by reason of insanity.'"

██ Applying the logic of the *Boyd* decision to the facts of this case, the trial judge failed to exercise his discretion at all. He ignored Herrera's counsel's clear attempts to distinguish the law presented to the court by the district attorney. He refused to read the documents in support of the defendant's motion made available to him. He denied the motion because it was made just prior to trial, when in fact it was first made on April 11, seven days prior to trial at a time when, because of the motion judge's diligence, the defense was first discovered. Such a refusal as suggested by *Boyd*, is a refusal to *consider* the motion and a failure to exercise the statutorily provided discretion of Penal Code section 1016. This principle is underlined by Justice Tobriner most recently in *People v. Chavez* (1980) 26 Cal.3d 334, 347 [161 Cal.Rptr. 762, 605 P.2d 401]: "'A judicial decision made without giving a party an opportunity to present argument or evidence in support of his contention "is lacking in all the attributes of a judicial determination."'"

In the likely event a similar motion might be made on retrial, we shall discuss the law regarding consideration of a motion to enter a plea of not guilty by reason of insanity subsequent to the taking of the original plea.

■ The case of *People* v. *Morgan* (1935) 9 Cal.App.2d 612 [50 P.2d 1061], cited by the court in *Boyd*, deals with the requirements of "good cause" which must be shown by defendant to justify an additional plea of not guilty by reason of insanity and states: "He should be required to produce evidence which would show the trial judge that there were reasonable grounds to believe that at the time of the commission of the crime he was legally insane...." (*Id.* at p. 615.)

Finally, the case of *In re Kubler* (1975) 53 Cal.App.3d 799 [126 Cal.Rptr. 25], cites *Boyd* for the proposition that a not guilty by reason of insanity plea is not barred after commencement of trial where good cause is shown. The court held, "We conclude that Kubler's superior court counsel's lack of diligence [in discussing and preparing the defense of not guilty by reason of insanity] resulted in withdrawing a crucial defense ...."

It is suggested on retrial an adequate record be made of counsel's preparation and presentation of the motion (*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859]).

*Defendant's Motion for Self-representation*

Herrera contends the trial court improperly denied his right of self-representation.

On the morning of April 17, 1979, when it appeared inevitable to defendant that trial would proceed and the public defender would not call the witnesses defendant felt were important to his defense, Herrera requested he be allowed to represent himself. The dialogue that followed between the trial court and Herrera failed to comply with the standards set forth by the Supreme Court in *People* v. *Windham* (1977) 19 Cal.3d 121 [137 Cal.Rptr. 8, 560 P.2d 1187]. Assuming arguendo the defendant's request to proceed in propria persona was untimely, not having been made within a reasonable time prior to the commencement of the trial, Herrera did not have an *absolute* right to represent himself. ■ The *Windham* court at page 128 sets forth factors which should be *considered* by a trial court when confronted with an untimely request by the defendant. The court should weigh: (1) The reasons for the request; (2) The quality of counsel's representation; (3) The length and stage of the proceedings; (4) The disruption and delay which might be expected if the delay were granted; (5) Defendant's proclivity to substitute counsel.

It is clear from the record the trial court made no attempt to comply with the mandate of the *Windham* court when it stated: "When such a . . . request for self-representation is presented, the trial court *shall* inquire sua sponte into the specific factors underlying the request thereby assuring a meaningful record in the event that appellate review is later required."

Without such a record we can only speculate that a consideration of these factors may well have demonstrated to the trial judge reasons to exercise his discretion to allow Herrera to proceed in propria persona. The record does show Herrera had conceived a well considered defense. At least Herrera felt he was receiving poor representation. The proceedings were obviously very short; a one-day trial after the jury had been sworn two days earlier. The court was unable to proceed on the day of the trial and continued the matter for two days after the jury was sworn. Finally, the record fails to show any past use of this request as a *device* to continue the trial and in fact apparently Herrera was ready to proceed immediately in that he did not request a continuance of the trial date after stating the motion. Thus, even if the request was untimely, the court failed to consider the motion under the *Windham* standards.

One further factor to be considered is the cause for the lateness of the request (*Windham, supra,* 19 Cal.3d 121, 128, fn. 5).

Here Herrera's request came immediately on the heels of the trial court's denial of his request to enter an additional plea of not guilty by reason of insanity, a motion that was made first on April 11, 1979, and continued until April 16 at the request of the district attorney.

To hold a motion for self-representation made by a defendant at his earliest opportunity is untimely when that "earliest opportunity" appears to be shortly before trial, would effectively thwart defendant's constitutional right to proceed in propria persona as established in *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].[2]

The motion to proceed in propria persona was not accompanied by a request for a continuance and although it was made on the morning of

---

[2]If there was confusion regarding the trial date as to an April 24 sitting the defendant was even more justified in the timing of his motion.

trial, it was made prior to the jury being selected. The case of *People* v. *Tyner* (1977) 76 Cal.App.3d 352, 355 [143 Cal.Rptr. 52], has held that since the motion "...was not accompanied by any request for a continuance, its grant would not have obstructed the orderly administration of justice." We thus conclude that on the record before this court the motion was not untimely.

We must finally address the one factor the trial. judge utilized in denying Herrera's motion. The court stated, "...if he says he is crazy ...he can't represent himself." Such a ruling presents to Herrera a classic "Catch 22" situation. The court had just denied Herrera's motion to enter a plea of not guilty by reason of insanity and then utilized Herrera's attempt to plead as the reason to deny his motion to represent himself. Such reasoning presents an enormous strain on the concepts of fairness and due process. It is obvious the trial court's belief the defendant was "crazy" was reason enough to utilize the necessary legal processes to determine through experts Herrera's mental status.

 We hold the trial court erred both in its failure to consider Herrera's motion to enter an additional plea of not guilty by reason of insanity and its failure to consider and to grant Herrera's motion to proceed in propria persona. The erroneous deprivation of such timely asserted constitutional rights of the defendant in a criminal trial is patently prejudicial and reversible error which cannot be considered as harmless.

Because this conviction is being reversed on other grounds, we need not discuss Herrera's other contention of error except to point out the California Rules of Court, rule 439 requires the court to state "facts and reasons" for selecting the upper term. It is better practice for the trial court to follow the Rules of Court and to include "...a concise statement of the ultimate facts which the court deemed to constitute circumstances in aggravation...justifying the term selected." (Rule 439(c).)

As the record in this case was reviewed, it became apparent the pressure of time and case load appeared to enter into the trial court's decision-making process. It is necessary to recognize a prime ingredient in due process is patience. If the trial judge had utilized that important element of the judicial makeup, as demonstrated by motion judges in this matter, Herrera might have received a complete and fair trial.

For the reasons set forth above the judgment of conviction is set aside and reversed.

Staniforth, Acting P. J., and Wiener, J., concurred.