Filed 3/17/21  P. v. Roberson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090181 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE019409) |
| v. | |
| MARLON LEROY ROBERSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Marlon Leroy Roberson of second degree robbery and found true a firearm enhancement and that defendant had served three prior prison terms. Defendant was sentenced to an aggregate term of 15 years, which included three 1-year enhancements for the prior prison terms.

Defendant first contends the trial court erroneously denied his motion for self-representation under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*).  Second, defendant argues, and the People agree, that Senate Bill No. 136

1

(2019-2020 Reg. Sess.) (Senate Bill 136) applies retroactively to his case and requires the three prior prison term enhancements be stricken from his sentence.

We conclude the trial court did not abuse its discretion in denying defendant's request to proceed propria persona. However, we agree that, by virtue of the retroactive change in the law, defendant's prior prison enhancements are unauthorized and must be stricken. We will remand this matter to the trial court for resentencing with directions to strike the enhancements.

Additionally, although not raised by the parties, during the oral pronouncement of judgment, the trial court omitted certain mandatory fees and fines. We will modify the judgment to include certain mandatory fees and fines and order the abstract of judgment amended. In all other respects, we affirm the judgment.

## PROCEDURAL HISTORY

No discussion of the facts underlying the offense is necessary to the issues raised by defendant on appeal. Instead, we summarize the relevant procedural history.

The prosecution charged defendant with second degree robbery (Pen. Code, § 211)[1] and alleged that at the time of the commission of the offense, defendant was armed with a firearm (§ 12022, subd. (a)(1)). The amended information also alleged defendant had a prior serious felony conviction for a 2005 robbery conviction (§§ 667, subds. (b)-(i), 1170.12) and three prior prison terms for felony convictions (§ 667.5, subd. (b)), none of which is a sexually violent offense.

The day after jury selection commenced, defendant indicated he would prefer to represent himself. Concerned the request would turn into a *Marsden*[2] issue, the trial court held a *Marsden* hearing and denied the request. Immediately after, the trial court

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

asked defendant if he was "going to stay with [his counsel]," and defendant responded yes.

At the beginning of the afternoon session, defendant again requested to proceed in propria persona. The trial court held a *Faretta* hearing.

Outside the jury's presence, defendant explained that he thought it would be best to represent himself because "there's a lot of stuff that's been done that can't be undone." Defendant stated he did not "want to go further until necessary motions [have been] filed." He continued, "If you're not going to grant a continuance on me going pro per because I know [the] law states that if I go pro per, that certain motions are filed and I can get a 10 day continuance, which is fine for me to do necessary foot work. I don't need that much time."

In response, the trial court stated: "We swore in a jury panel. . . . [Defendant] absolutely[,] positively would not waive one day to start picking a jury, so we started yesterday. [¶] Today was [a] *Marsden* motion, which was denied. The [c]ourt felt that [defense counsel] and [the DNA attorney] have adequately represented [defendant] and done everything that they were supposed to do, and [defense counsel]'s decisions about the evidence and what he was going to go forward on appeared sound. [¶] What I heard from [defendant] was less than sound, which led me to believe [defendant] [does not] have [a] great understanding of the law . . . with regard to what [defense counsel] was telling [defendant] [and] I denied the *Marsden* motion. [¶] Then [defendant] wanted to represent [him]self, then [defendant] decided not to represent [him]self. We have now endeavored, sworn a panel, ready to go into peremptory challenges." The trial court then confirmed with defendant that he sought a continuance, and denied that request.

Next, the trial court explained the decision whether to grant the *Faretta* motion was within its "sound discretion, once a trial has started, and we have started this trial."

In response, defendant argued he sought to proceed propria persona based on a disagreement with his counsel over the handling of purportedly new evidence, and clarified that he wanted "a continuance on certain motions [he] may want to file."

The trial court denied the *Faretta* motion, stating "I don't believe [defendant is] adequately prepared to move forward with this trial, and we have already endeavored into one *Faretta* motion this morning, which you decided not to go forward on. [¶] There's no new or different evidence that has shown up that would persuade the judge that you should go *Faretta*. [¶] [Defendant's] understanding of [*sic*] just happened here leads me to believe that [defendant] do[es] not have adequate training and experience that [he] could adequately represent [him]self. [¶] So because we are in the middle of this trial, I'll deny [defendant's] *Faretta* motion."

After a seven-day jury trial, the jury found defendant guilty of second degree robbery (§ 211) and found true the associated firearm enhancement (§ 12022, subd. (a)(1)). The jury also found true the allegations that defendant had a prior serious felony conviction (§ 667, subd. (a)) and three prior prison terms for felony convictions (§ 667.5, subd. (b)).

The trial court sentenced defendant to an aggregate term of 17 years 8 months in state prison as follows: the middle term of three years on the robbery conviction, doubled due to his prior strike conviction; plus one year for the firearm enhancement; plus five years for the prior serious felony conviction; and plus three 1-year terms for each of the section 667.5, subdivision (b), prior prison term enhancements. The trial court resentenced defendant on a 2016 conviction, which became the subordinate term, as follows: one-third the middle term of eight months (§ 29800), doubled due to his prior strike conviction; and plus one-third the middle term of eight months (§ 30305), doubled due to his prior strike conviction, both to run consecutive to the sentence in the instant case.

4

The trial court imposed a $500 restitution fine (§ 1202.4) and corresponding $500 parole revocation fine (§ 1202.45). The trial court did not impose the court operations fee (§ 1465.8) and court facility fee (Gov. Code, § 70373), saying it was "deleting" them from the probation report.

## DISCUSSION

## I

### Denial of Defendant's *Faretta* Request[3]

Defendant argues the trial court committed reversible error when it denied his request to represent himself at trial. Specifically, defendant argues his request was timely made prior to the start of the evidentiary portion of trial and he agreed no continuance was necessary. Next, defendant contends his request was unequivocal because it was based on a disagreement about defense strategy. Finally, defendant argues he was competent, and his decision to represent himself was knowing and voluntary. We disagree.

Criminal defendants have a constitutional right to represent themselves. (*Faretta, supra*, 422 U.S. at p. 836.) "A trial court must grant a defendant's request for self-representation if the defendant unequivocally asserts that right within a reasonable time prior to the commencement of trial, and makes his request voluntarily, knowingly, and intelligently. [Citations]." (*People v. Lynch* (2010) 50 Cal.4th 693, 721 (*Lynch*), overruled on another ground by *People v. McKinnon* (2011) 52 Cal.4th 610, 637, 643.)

---

[3] The trial court granted defendant's request to proceed in propria persona prior to sentencing. Defendant moved for a new trial, arguing inter alia, the court erred in denying his first *Faretta* motion. Defendant argued the first *Faretta* motion was timely made before 12 jurors were impaneled, and he was "willing and had advised [the court] that [he] was going to proceed without a continuance." The court denied the motion for new trial.

Conversely, a trial court may deny an untimely *Faretta* motion. (*Lynch, supra*, 50 Cal.4th at p. 722.) In *Lynch*, the California Supreme Court explained that it has "held on numerous occasions that *Faretta* motions made on the eve of trial are untimely." (*Ibid.*; see *People v. Valdez* (2004) 32 Cal.4th 73, 102 [motion to proceed pro. per. made moments before jury selection was set to begin was untimely].) In determining whether a defendant's pretrial *Faretta* motion is timely, "a trial court may consider the totality of the circumstances," including "the time between the motion and the scheduled trial date, . . . whether trial counsel is ready to proceed to trial, the number of witnesses and the reluctance or availability of crucial trial witnesses, the complexity of the case, any ongoing pretrial proceedings, and whether the defendant had earlier opportunities to assert his right of self-representation." (*Lynch,* at p. 726.)

The California Supreme Court has not articulated what standard a reviewing court should apply in determining whether a defendant's request for self-representation is timely. (See *People v. Johnson* (2019) 8 Cal.5th 475, 501 [declining to decide which standard of review is appropriate and concluding the defendant's claim failed under either the de novo or a less deferential standard of review].)

" '[O]nce a defendant has chosen to proceed to trial represented by counsel,' a defendant's motion for self-representation is 'addressed to the sound discretion of the court.' [Citation.]" (*Lynch, supra*, 50 Cal.4th at p. 722, fn. omitted.)

In ruling on an untimely *Faretta* motion, "the trial court shall inquire sua sponte into the specific factors underlying the request thereby ensuring a meaningful record in the event that appellate review is later required. Among other factors to be considered by the court in assessing such requests made after the commencement of trial are the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*People v. Windham* (1977) 19 Cal.3d 121, 128.)

6

Defendant points to *People v. Herrera* (1980) 104 Cal.App.3d 167, and *People v. Tyner* (1977) 76 Cal.App.3d 352 – both of which predate *Lynch* – for the proposition that a *Faretta* motion made on the eve of trial is not per se untimely. In *Herrera*, the court concluded the defendant's request to represent himself, made on the morning of trial, was timely where it was "not accompanied by a request for a continuance and . . . made prior to the jury being selected." (*Herrera,* at pp. 174-175.) Similarly, in *Tyner*, the court concluded the defendant's motion, made prior to the jury's impanelment, was timely where the defendant was "*ready to proceed forthwith*" and his request was "not accompanied by any request for a continuance." (*Tyner,* at pp. 354-355.) The court reasoned the motion "would not have obstructed the orderly administration of justice." (*Id.* at p. 355.) Here, even assuming *Herrera* and *Tyner* remain the law, they are of no help to defendant because he requested a continuance to file motions during the *Faretta* hearing.

Based on our independent review of the record and after taking into consideration the totality of the circumstances under *Lynch*, we conclude the trial court properly treated defendant's *Faretta* motion as untimely. As discussed above, after jury selection commenced, defendant indicated he would prefer to represent himself. However, immediately following a *Marsden* hearing, defendant indicated he was "going to stay with [his counsel]." At the beginning of the afternoon session the same day, and in the middle of voir dire, defendant again requested to proceed in propria persona. Defendant was not ready to proceed and in fact, stated his unwillingness to proceed "until necessary motions [have been] filed."

Next, the trial court weighed the appropriate factors under *Windham* in determining whether to grant the *Faretta* motion. The trial court found defense counsel had adequately represented defendant, reasoning counsel and the DNA attorney had done everything they were supposed to do, and found counsel's "decisions about the evidence and what he was going to go forward on appeared sound." Although it does not appear

7

defendant had substituted counsel previously, the court held a *Marsden* hearing that same day, after which defendant changed his mind about whether to represent himself. Further, defendant's disagreement with his attorney over trial tactics is "an insufficient reason to grant an untimely *Faretta* request." (*People v. Wilkins* (1990) 225 Cal.App.3d 299, 309, fn. 4.) Finally, contrary to defendant's contentions, the record does not reflect that he agreed to move forward without a continuance. Rather, defendant believed he was entitled to a continuance if he proceeded in propria persona and sought a continuance to file certain motions, which he did not identify. On this record, there was no abuse of discretion.

## II

## Section 667.5, Subdivision (b) Enhancements – Senate Bill 136

Defendant contends the three 1-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b), must be stricken pursuant to the amendment to section 667.5, subdivision (b) by Senate Bill 136. The People concede the issue but not the remedy.[4]

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill 136 amends section 667.5, subdivision (b), to eliminate the one-year prior prison term enhancement for most prior convictions. (Sen. Bill 136 (2019-2020 Reg. Sess.) § 1.) An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because Senate Bill 136 became effective before defendant's judgment becomes final, we agree with the parties that the amended law will apply to him retroactively.

---

[4] The People argue the case should be remanded to the trial court to strike the enhancements and resentence defendant within the parameters of the plea agreement. However, there was no plea agreement in this case.

(See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when statute takes effect].) Accordingly, defendant's section 667.5, subdivision (b) enhancements must be stricken.

The trial court imposed the middle term of three years on the robbery conviction, doubled due to his prior strike conviction. Because the court exercised discretion in selecting the middle term, remand for resentencing is appropriate. (*People v. Buycks* (2018) 5 Cal.5th 857, 893, 896, fn. 15; *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.)

## III

## Fines and Fees

The trial court did not impose the $40 court operations fee and $30 court facility fee during its oral pronouncement of judgment. Generally, an oral pronouncement of judgment controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) However, where fees and fines are mandatory, "their omission may be corrected for the first time on appeal." (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530; see *People v. Smith* (2001) 24 Cal.4th 849, 853 [whenever a sentence includes a period of parole, a parole revocation fine equal to the restitution fine "must" be imposed]; *People v. Woods* (2010) 191 Cal.App.4th 269, 272 [facilities assessment (Gov. Code, § 70373) and court security fee (§ 1465.8, subd. (a)(1)) are mandatory].) We shall modify the judgment to impose these mandatory fees.

## DISPOSITION

The judgment is modified to reflect that the section 667.5, subdivision (b) prior prison term enhancements are stricken and this matter is remanded for resentencing. The judgment is modified to impose a $40 court operations fee (§ 1465.8), and a $30 court facilities fee (Gov. Code, § 70373). Following resentencing, and consistent with this opinion, the trial court shall prepare an amended abstract of judgment and forward a

9

certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MURRAY, J.