Filed 2/2/26  P. v. Pineda CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064450 |
| v. | (Super. Ct. No. 24NF0469) |
| SALVADOR PINEDA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

Salvador Pineda was convicted of stealing a vehicle and evading arrest while driving recklessly. Pineda asserts he was wrongfully denied the opportunity to represent himself at trial in violation of his Sixth Amendment rights as outlined in *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). He contends the trial court erred by denying his *Faretta* motion as untimely. We affirm the judgment.

FACTUAL SUMMARY

Pineda stole a 2018 Hyundai Elantra from the Buena Park Mall. The vehicle owner saw Pineda driving his car and attempted to stop him, but Pineda drove away. A nearby officer then began pursuit, and Pineda attempted to evade arrest by speeding and failing to stop at multiple stop signs. Pineda ultimately crashed the car and was arrested.

In his defense, Pineda claimed he was not the driver, but was simply a passenger in the vehicle, which was driven by a friend of a friend he knew only as "Soldier." Pineda claimed he did not even know the vehicle was stolen until he was already riding in the car and Soldier began evading police. Pineda testified Soldier abandoned the vehicle while it was moving, leaving Pineda to try to get control of the car as he moved from the passenger seat to the driver's seat, which is when the vehicle crashed.

Pineda was charged with: (1) unlawfully taking a vehicle (Veh. Code, § 10851 subd. (a)); (2) receiving stolen property (Pen. Code, § 496d subd. (a)); (3) evading arrest while driving recklessly (Veh. Code, § 2800.2); and (4) possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). He made several personal appearances in court prior to trial. The first was about a month after the arraignment, when a jury trial date was set. He then appeared on the initial trial date and answered not ready. On the continued trial date, all parties answered ready and the case was transferred

2

to the trial courtroom. Pineda and his appointed counsel appeared that same day in front of the newly assigned trial judge to discuss case status, jury selection, potential evidentiary issues, and trial procedures. The judge ruled on most of the pretrial motions, leaving only a few issues to be decided on the following Monday. Pineda gave no indication at any of these hearings that he wanted to represent himself or that he was dissatisfied with his counsel.

When the parties appeared for trial, potential jurors had arrived and jury selection was about to begin. That is when Pineda first asked to represent himself pursuant to *Faretta*. Pineda told the court he was not ready to proceed with trial and initially asked for a two-week continuance to prepare himself for trial. When pressed by the court, he increased the length of the requested continuance to "about three weeks." Pineda gave no reason for wanting to represent himself or for why the trial delay was necessary. The trial court did not press him for reasons.

The prosecution confirmed its readiness to start trial, stating all witnesses had been subpoenaed, including a civilian (the vehicle owner) who had rearranged his schedule to testify the next day. Similarly, defense counsel confirmed she was prepared. The court then commented about the work it had done to prepare for trial, including reviewing and ruling on pretrial motions, preparing jury instructions and verdict forms, and having a direct conversation with Pineda about case issues.

The court denied Pineda's motion for self-representation based on the following conclusions: (1) all parties (and the court) had prepared for and

were ready to proceed; (2) Pineda had not waived his right to a speedy trial[1]; (3) he had not raised the issue of self-representation at any of the multiple prior hearings; and (4) he asserted he was unable to proceed with trial that day, necessitating a delay. The court found granting the request "at this stage of the proceeding would delay the trial and/or cause interference and disruption of the orderly process of justice that would be unreasonable under the circumstances of this case." The court further explained its decision was based on the "totality of the circumstances," which included the quality of defense counsel's representation, the length and stage of the proceedings, and the inevitable disruption and delay that would result if the motion were granted.

Immediately after the trial court ruled on the *Faretta* motion, Pineda made an oral *Marsden* motion to substitute his appointed counsel.[2] The court denied the *Marsden* motion and promptly proceeded to jury selection.

## DISCUSSION

Pineda argues his *Faretta* motion was timely and unequivocal and should have been granted as a matter of right. The Attorney General does not challenge the knowing and unequivocal nature of Pineda's request but maintains the trial court correctly denied the motion because it came too

---

[1] The court did not ask if Pineda would be willing to waive his right to a speedy trial and Pineda did not offer to do so. Viewed in context, it appears the court's reference to Pineda's nonwaiver of his speedy trial rights was to underscore the substantial amount of work everyone had already done to be ready for trial within the statutory time period.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

4

late. We conclude the motion was untimely and the court did not abuse its discretion in denying it.

## I.

### APPLICABLE LAW

A criminal defendant has a right of self-representation under the Sixth Amendment to the United States Constitution. (*Faretta, supra,* 422 U.S. at p. 807.) To invoke that right, however, the defendant's request for self-representation must be knowing, intelligent, and timely. (*People v. Welch* (1999) 20 Cal.4th 701, 729.) The timeliness element is necessary "to avoid unjustifiable delay or disruption of orderly court proceedings." (*People v. Ruiz* (1983) 142 Cal.App.3d 780, 791.)

A *Faretta* motion is timely if it is asserted "within a reasonable time prior to the commencement of trial." (*People v. Windham* (1977) 19 Cal.3d 121, 128 (*Windham*).) Because what constitutes "a reasonable time" before trial will vary, "timeliness for purposes of *Faretta* is based not on a fixed and arbitrary point in time, but upon consideration of the totality of the circumstances that exist in the case at the time the self-representation motion is made." (*People v. Lynch* (2010) 50 Cal.4th 693, 724 (*Lynch*), abrogated on other grounds in *People v. McKinnon* (2011) 52 Cal.4th 610.) Factors to consider include the amount of time between the motion and the scheduled trial date, as well as "whether trial counsel is ready to proceed to trial, the number of witnesses and the reluctance or availability of crucial trial witnesses, the complexity of the case, any ongoing pretrial proceedings, and whether the defendant had earlier opportunities to assert his right of self-representation." (*Lynch, supra,* at p. 726.)

II.

STANDARD OF REVIEW

When a trial court has denied a *Faretta* motion as untimely, appellate review begins with the question whether the defendant timely invoked his right to self-representation. (*People v. Perez* (1992) 4 Cal.App.4th 893, 903 (*Perez*).) The California Supreme Court has not determined whether denial of a *Faretta* motion as untimely should be reviewed de novo or under a less stringent standard such as substantial evidence or abuse of discretion. (*People v. Johnson* (2019) 8 Cal.5th 475, 501.) We need not dwell on that issue because, as we explain below, even under the more demanding de novo standard, Pineda's *Faretta* motion was not timely.

Once a *Faretta* motion is deemed untimely, "self-representation no longer is a matter of right but is subject to the trial court's discretion." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1365.) We will not disturb the denial of an untimely *Faretta* motion absent an abuse of discretion. (*People v. Buenrostro* (2018) 6 Cal.5th 367, 426.) "A trial court abuses its discretion when its ruling falls outside the bounds of reason." (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1278 (*Powell*).)

III.

THE TRIAL COURT DID NOT ERR IN DENYING DEFENDANT'S *FARETTA* MOTION

*A. The* Faretta *Motion was Untimely*

There is no dispute Pineda's request for self-representation was knowing, intelligent, and unequivocal. The only element at issue is timeliness.

Though not an absolute rule, eleventh hour *Faretta* motions are "'extreme'" and "disfavored" and generally are considered to be untimely. (*Powell, supra*, 194 Cal.App.4th at pp. 1277–1278.) Pineda's *Faretta* motion

6

was made on the morning of trial, moments before jury selection was set to begin, which is about as late as one can get when it comes to timeliness.

In ruling on Pineda's motion, the trial court's inquiry addressed most of the *Lynch* factors. The court noted counsel for both parties were ready to proceed to trial, witnesses had been subpoenaed and were ready to testify, pretrial proceedings were completed, and jury selection was about to begin. The court further noted Pineda had personally appeared in court on multiple previous occasions, including once when the assigned trial judge questioned him and explained trial procedures. Pineda gave no indication in any of those previous appearances he might make a *Faretta* motion.

Although the trial court did not specifically address the two remaining *Lynch* factors—the complexity of the case and whether witnesses were unavailable or reluctant to testify—the record contains facts relating to them. The record shows witnesses had been subpoenaed and had arranged to be present to testify at trial. There is no indication any witness was reluctant to testify. Moreover, the record shows the case was not complex. Trial consumed a single day of testimony, at which only three witnesses testified, the arresting officer, the vehicle owner, and Pineda.

Pineda relies on *People v. Herrera* (1980) 104 Cal.App.3d 167 to argue his motion was timely, but that case does not help him. *Herrera* suggests a *Faretta* motion may be found timely if the defendant makes the request at his "earliest opportunity" to do so, even if that "earliest opportunity" is "shortly before trial." (*Herrera,* at p. 174.) However, Pineda does not assert the first day of trial was his "earliest opportunity" to bring his *Faretta* motion, nor would the record support such an argument. Moreover, unlike Pineda, the defendant in *Herrera* did not ask for a trial continuance. (*Id.* at pp. 175–176.)

7

Pineda next argues it was reasonable to bring the motion on the day of trial because there were only 62 days between his arraignment and the start of trial. He notes a similar time frame existed in a federal case that overturned the trial court's denial of the defendant's *Faretta* motion. (*Chapman v. United States* (5th Cir. 1977) 553 F.2d 886, 896.) However, that is the only similarity the *Chapman* case shares with this one. The *Chapman* defendant had communicated his wish for self-representation to his counsel prior to the first day of trial. (*Id.* at pp. 894–895) He also made the request to the court the first time he appeared in front of the trial judge. Neither of those things is true here, and thus *Chapman* is unhelpful to Pineda.

Based on our complete review of the record, we conclude Pineda's *Faretta* motion was not made "within a reasonable time prior to the commencement of trial" (*Windham*, *supra*, 19 Cal.3d at p. 128) and consequently was untimely. This is true under any standard of review. Accordingly, the trial court was not required to grant the request. It did, however, retain discretion to grant the request despite its untimeliness. We therefore turn to the question of whether the trial court abused that discretion.

*B. The Trial Court Did Not Abuse its Discretion in Denying the Untimely* Faretta *Motion*

Even when a defendant's *Faretta* motion is untimely, the trial court "must exercise its discretion to determine whether the request should be granted or denied," and in doing so must consider specific factors related to the request. (*Perez, supra,* 4 Cal.App.4th at p. 903.) Those factors are: (1) the quality of counsel's representation of the defendant to date; (2) defendant's prior proclivity to substitute counsel; (3) reasons for the request; (4) length and stage of the proceedings; and (5) the disruption or delay which

8

might reasonably be expected to follow the granting of such a motion. (*Windham*, *supra*, 19 Cal.3d at p. 128.)

At the time Pineda made his *Faretta* motion, he did not raise any issues or concerns about the quality of his counsel's performance.[3] In denying Pineda's motion, the trial court specifically noted it had considered this factor. Pineda had given no prior indication he wanted to represent himself despite multiple opportunities to do so. Having just spent considerable time ruling on the parties' pretrial "402" motions, the court was in a position to evaluate the quality of counsel's representation.[4] Pineda plainly demonstrated no "prior proclivity" to relieve his counsel.

The court also noted it considered "the length" of the proceedings, and the "stage of the proceeding" at which Pineda made his motion. The prosecution had subpoenaed witnesses for trial, one of whom was a "civilian witness who has put their day aside from whatever their employment is in order to be with us." The court further acknowledged all trial preparation had been completed (by all counsel and the court), that "everybody is basically ready to go" and that "jurors [were] sitting down in a jury room about to walk down to this courtroom to start" the jury selection process.

---

[3] Pineda did not make his oral *Marsden* motion until after the court had denied his *Faretta* motion. But even during the *Marsden* hearing, Pineda acknowledged he had no complaints about his counsel or her performance; he simply was seeking to buy time to locate and subpoena additional witnesses for trial.

[4] Evidence Code section 402 sets forth procedures for the court to decide preliminary questions of fact upon which the admissibility of evidence depends. In finding Pineda's *Faretta* motion untimely, the trial court referenced (among other things) "all the time it spent on 402's."

Pineda argues that a delay of trial is not, by itself, a sufficient ground for denying his motion, citing *Fritz v. Spalding* (9th Cir. 1982) 682 F.2d 782, 784 [a party cannot be deprived of his right to self-representation, even if it would result in a delay of trial, as long as there are "bona fide reasons for not asserting his right" sooner, and as long as the request is not made specifically to secure a delay or to gain tactical advantage]. But delay was not the only relevant factor identified in *Windham* and was not the only factor addressed by the trial court here.

Pineda contends he made the request because he wanted more time to investigate and locate witnesses to testify in his favor. However, he did not communicate this to the court when he made his *Faretta* motion. Indeed, during the hearing on his motion, he failed to offer any reason for wanting to represent himself. Even if he had (or if the court had elicited such information from him), the trial court still would not have abused its discretion in denying the motion considering the lateness of the request, as well as the other *Windham* factors.

A *Faretta* motion may be denied based on evidence that defendant's purpose was to delay proceedings. (*People v. Marshall* (1997) 15 Cal.4th 1, 26.) Pineda's request for delay was not made based on any genuine dispute with his counsel or any stated desire to make his own decisions about how his case would move forward. It appears to have been made for the tactical advantage of gathering more witnesses after discovery was complete.

The court explicitly considered the quality of Pineda's counsel's representation, the lack of any earlier indication by Pineda that he was dissatisfied with counsel, the length and stage of the proceedings, and the disruption a last-minute continuance would cause to witnesses, parties, and

the court. The trial court did not abuse its discretion in denying Pineda's untimely motion.

## DISPOSITION

The judgment is affirmed.


                                   GOODING, Acting P. J.

WE CONCUR:


DELANEY, J.


SCOTT, J.


11